427 S.E.2d 481

**STATE of West Virginia, ex rel. Patricia V. KUTSCH, Prosecuting Attorney of Ohio County, Petitioner,**

**v.**

**The Honorable Ronald E. WILSON, Circuit Judge of Ohio County, and Earl Thomas Beals, Respondents.**

No. 21530.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 3, 1993.

Decided Feb. 11, 1993.

48

Gary L. Rymer, Moundsville, for Earl Thomas Beals.

Mario J. Palumbo, Atty. Gen., Rodney L. Bean, Asst. Atty. Gen., Charleston, for petitioner.

NEELY, Justice:

In May, 1992, Earl Thomas Beals was indicted by an Ohio County Grand Jury for third offense driving under the influence of alcohol (DUI). Mr. Beals was convicted of DUI twice before, once in West Virginia and once in Ohio. Mr. Beals' third DUI indictment exposed him to the enhanced penalty for repeat offenders set for in *W.Va.Code* 17C–5–2(i) [1986]. To avoid this enhanced penalty, Mr. Beals moved the Circuit Court of Ohio County to exclude his Ohio DUI conviction on the grounds that the Ohio conviction did not conclusively appear on the Ohio court records and the conviction did not meet our requirements for an out-of-state conviction set forth in *W.Va.Code* 17C–5–2(j)(3) [1986]. The circuit court granted Mr. Beals' motion, and refused to allow the Ohio DUI conviction to

be used to prove third offense DUI under *W.Va.Code* 17C–5–2(i) [1986]. The State applied here for a writ to prohibit the trial court from enforcing its suppression order. We grant a writ of prohibition.

Mr. Beals was first arrested for DUI in Wheeling on 3 April 1986. He waived his right to counsel and pled guilty in the Police Court for the City of Wheeling on 17 April 1986. On 18 June 1991, Mr. Beals was again arrested for DUI in Belmont County, Ohio. The citation issued by Ohio Trooper J.D. LaRoche described Mr. Beals' offense as operating a motor vehicle "with a concentration of .10 gm. or more by weight of alcohol per 210 lt. [liters] of his breath," an offense constituting DUI under *Ohio Rev.Code Ann.* § 4511.19(A)(3). The Ohio citation listed Mr. Beals' blood alcohol content, evaluated by breath analysis, at .229 percent, and ordered him to appear in the Eastern Division Court for Belmont County on 25 June 1991.

The docket and journal entry detailing Mr. Beals' appearance in the Belmont County Court on 25 June 1991 indicates that Mr. Beals pled guilty to the charge after waiving his rights to jury trial and representation by counsel. The Court suspended Mr. Beals' driver's license for 90 days, and ordered him to pay a $300 fine and $45 in court costs, and to serve three days in jail.

Mr. Beals' latest arrest for DUI occurred in Wheeling on 13 November 1991. According to the State's representations, officers of the Wheeling Police Department stopped Mr. Beals (whose driver's license was still suspended as a result of his earlier DUI convictions) about 10:00 p.m. when they observed the car he was driving speeding and weaving back and forth without its headlights on. Upon Mr. Beals' refusal of field sobriety tests, saying "I couldn't pass them if I was sober" and "I've been drinking," the officers arrested Mr. Beals and took him to police headquarters. There, Officer William Barry, a certified secondary breath analysis operator, tested Mr. Beals' breath alcohol concentration using an Intoxilizer 5000 breath analysis device, and found his blood alcohol con-

tent (BAC) to be .267 percent. On 11 May 1992, the Ohio County Grand Jury returned an indictment charging Mr. Beals with third offense DUI and driving on a revoked driver's license.

### I

After argument on the defendant's motion to suppress the evidence of Mr. Beals' Ohio conviction, the Circuit Court of Ohio County entered an order setting forth the following reasons for granting the motion to suppress:

1. The Belmont County Court Docket and Journal Entry does not disclose the crime Earl Thomas Beals committed. We know the defendant was charged with the offense of operating a motor vehicle with a concentration of ten hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath (§ 4511.19(A)(3) of the Ohio Code). We know the official record says that he entered a guilty plea. We also conclude from the official record the court accepted the plea and sentenced the defendant to pay a fine of $300.00, $45.00 in court costs, spend three days in jail and have his driver's license suspended for ninety days. We suspect—because it is logically implicit from the charge and the sentence the defendant received—that the finding of guilty was to the original charge of a violation of § 4511.19(A)(3).

This is a criminal case, to suspect is not enough. The Court should have made a finding of what Mr. Beals was guilty of. It did not and therefore the Docket and Journal Entry and other documents, all of which are identified as Exhibits A, B, C, D, and E, in Belmont County Court, Eastern Division, case number 91TRC–1650, may not be used by the State of West Virginia for the purpose of establishing that Earl Thomas Beals was convicted on June 25, 1991, for the offense of driving under the influence of alcohol, as charged in the indictment in this case (92–F–94–W).

2. Under Ohio law, no person shall operate any vehicle while under the influence of alcohol. West Virginia has the same offense. Under Ohio law no person shall operate any vehicle while the person has a concentration of ten-hundredths of one percent or more by weight of alcohol in his blood. West Virginia has the same offense. Under Ohio law no person shall operate any vehicle while the person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath. It is this Ohio offense that the State seeks to use against Mr. Beals to establish a predicate offense for the felony charge of DUI third. West Virginia has *no* such offense.

To find that a person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath is, pharmacologically, the same as a determination that the person has an alcohol concentration in his blood of ten hundredths of one percent or more, by weight, does not change that fact that the State of Ohio chose to make these two separate and distinct methods of violating the drunk driving law. Mr. Beals, charged with a violation of § 4511.19(A)(3) of the Ohio Code could not have been found guilty of that offense if the proof was that he drove a vehicle when he had a concentration of fourteen-hundredths of one gram or more by weight of alcohol in his blood (§ 4511.19(A)(3)) or if the proof was then he had a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine (§ 4511.19(A)(4)).

In Ohio a person *could* be charged with driving while under the influence of alcohol and also having a concentration of alcohol in his blood in excess of the legal limit, and having a concentration of alcohol in his breath or urine in excess of the legal limit. All are prohibited by Ohio law and if any one of the prohibited acts applies, the defendant could be found guilty of drunk driving.

Mr. Beals was charged with violation of § 4511.19(A)(3)—having a concentration of alcohol of his breath is excess of the legal limit. Assuming, for this dis-

cussion, that he was convicted of that offense in Ohio, Mr. Beals could not have been convicted of the same charge in West Virginia because West Virginia has no such law. In order for the State to use this Ohio conviction as a predicate offense for the felony charge of DUI third, the elements of the drunk driving offense would have to be the same as the offense set forth in Section 2 of Chapter 17C, Article 5, of the West Virginia Code. Because the elements of the West Virginia and Ohio offenses for driving with certain concentrations of alcohol in bodily substances are different, the Ohio conviction cannot be used as a conviction for purposes of providing a violation of West Virginia Code, § 17C–5–2(i).

## II

We have reviewed the Belmont County Court Docket and Journal Entry and find that there is no question concerning the offense to which Mr. Beals pled guilty. When the original citation is combined with the guilty plea, the size of the fine, the number of days in jail, and the ninety days' suspension of the driver's license, we know beyond a reasonable doubt that Mr. Beals pled guilty to drunk driving. Getting drunk drivers off the road is not a game of forfeits. When a person is charged with DUI and a docket entry indicates that he pled guilty to the charge, nothing more is required for a court to conclude that the defendant was convicted of drunk driving. Indeed, once such a *prima facie* case of a prior conviction is made, the same rules apply that apply to the proof of any other material fact in a criminal prosecution. If, indeed, Mr. Beals pled guilty to some offense other than DUI, he may produce evidence to that effect.

## III

*W.Va.Code* 17C–5–2(i) [1986] provides:

A person violating any provision of subsection (b), (c), (d), (e), (f), or (g) of this section shall, for the third or any subsequent offense under this section, be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the peni-

tentiary for not less than one nor more than three years, and the court may, in its discretion, impose a fine of not less than three thousand dollars nor more than five thousand dollars.

*W.Va.Code* 17C–5–2(j) [1986] provides in part:

For purposes of subsections (h) and (i) of this section relating to second, third and subsequent offenses, the following types of convictions shall be regarded as convictions under this section; ...

(3) Any conviction under a municipal ordinance of this state or any other state or a statute of the United States or of any other state of an offense which has the same elements as an offense described in this section, which offense occurred after June tenth, one thousand nine hundred eighty-three....

If we look back to the definition of what constitutes a crime under *W.Va.Code* 17C–5–2(d) [1986], we see that *W.Va.Code* 17C–5–2(d) [1986] provides:

Any person who:

(1) Drives a vehicle in this state while:

(A) He is under the influence of alcohol, or

(B) He is under the influence of any controlled substance, or

(C) He is under the influence of any other drug, or

(D) He is under the combined influence of alcohol and any controlled substance or any other drug, or

(E) He has an alcohol concentration in his blood of ten hundredths of one percent or more, by weight; and

(2) Shall be guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the county jail for not less than one day nor more than six months, which jail term shall include actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred dollars nor more than five hundred dollars.

Until 1986, West Virginia law regarded a driver with a blood alcohol content (BAC) of .10 of one percent or more by weight as *prima facie* intoxicated; however, driving

with such a BAC was not itself a crime in West Virginia. It was possible, therefore, for a person caught driving with a BAC of .10 of one percent or more to be found not guilty at trial of driving under the influence of alcohol. In March, 1986, however, the legislature amended *W. Va. Code* 17C–5–2 to make the act of driving with a BAC of .10 of one percent or more by weight a crime *per se*. The legislature intended its 1986 amendment to *W. Va. Code* 17C–5–2 to add "to the alternative forms of driving under the influence" a separate offense of driving with a BAC of .10 of one percent or more by weight. *Acts of the Legislature, Regular Session*, 1986, Chapter 57.

■ The Ohio legislature structured Ohio's drunk driving statute in a manner similar to West Virginia's. The Ohio statute under which Mr. Beals was convicted in July, 1991, *Ohio Rev. Code Ann.* § 4511.-19(A)(3), makes it a crime *per se* to drive with a "concentration of ten hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath." The statute also sets forth other means of detecting drunk driving, including driving with a BAC of .10 of one percent or more by weight.[1]

An out-of-state DUI conviction can be used to enhance a repeat offender's sentence in West Virginia. *W. Va. Code* 17C–5–2(j)(3) [1986] quoted above, allows a DUI conviction in another state to be used for sentence enhancement in West Virginia if the out-of-state conviction "has the same elements as an offense described in this section," and "occurred after June tenth, one thousand nine hundred eighty-three."

In its order granting Mr. Beals' motion to suppress, the circuit court held that because West Virginia has no statute making it a crime *per se* to drive with a concentra-

tion of .10 percent of one gram or more by weight of alcohol for 210 liters of breath, Mr. Beals' conviction under that subdivision of the Ohio statute could not be used to enhance the penalty for his latest West Virginia DUI conviction because the Ohio crime did not have the same "elements" as the West Virginia crime. The State concedes that the lower court was correct in assuming that Mr. Beals was convicted in Ohio under the breath alcohol subdivision, but the State argues correctly that because *Ohio Rev. Code Ann.* § 4511.19(A)(3), under which Mr. Beals was convicted, is functionally synonymous with *W. Va. Code* 17C–5–2(d)(1)(E), the circuit court's analysis is incorrect.

The circuit court assumed, and Mr. Beals apparently conceded, that the Ohio DUI standard under which Mr. Beals was convicted is, "pharmacologically, the same as the determination that the person has an alcohol concentration in his blood of ten hundredths of one percent or more, by weight." This fact is confirmed by Gordy and Grey in their widely recognized treatise *Attorney's Textbook of Medicine* which states:

> The blood/breath ratio is a means by which analysts determine the blood alcohol level through knowledge of the amount of alcohol evident on the breath and the relationship between this figure and the amount of alcohol in the blood. The exact value of this relationship has been the focus of much debate and research. *The clinically accepted blood/breath ratio has been recognized since 1972 when the U.S. National Safety Council determined that 2100 millimeters of expired alveolar air contain approximately the same quantity of alco-*

---

1. The portion of *Ohio Rev. Code Ann.* § 4511.19 applicable here reads as follows:

   (A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

   (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

   (2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;

   (3) *The person has a concentration of ten hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;*

   (4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine....

   [Emphasis added.]

*hol as 1 millimeter of blood* (Emerson, 1980). The blood/breath ratio is therefore 2100 to 1.

4 Gordy & Gray, *Attorney's Textbook of Medicine,* § 135.34(1) (1987) (Emphasis added). As this clinically accepted ratio demonstrates, the same amount of alcohol would render a person legally intoxicated under the Ohio standard used to convict Mr. Beals and the West Virginia standard set forth in *W.Va.Code* 17C–5–2(d)(1)(E). The West Virginia Legislature has codified this equivalence by declaring that measurement of BAC by breath analysis is sufficient to prove intoxication in West Virginia. *W.Va.Code* 17C–5–4 [1989] and 17C–5–8 [1983]. This Court has likewise recognized the validity of breath analysis as a means of measuring BAC. *State v. Conrad,* 187 W.Va. 658, 421 S.E.2d 41 (1992).

Contrary to the circuit court's assertion, then, the elements of the Ohio statute under which Mr. Beals was convicted and *W.Va.Code* 17C–5–2(d)(1)(E) are the same elements, albeit expressed in slightly different language. The circuit court, therefore, exceeded his legitimate powers by determining that the Ohio conviction could not be used to enhance Mr. Beals' sentence should he now be convicted under *W.Va. Code* 17C–5–2(j)(3).

Accordingly, because our review of the Ohio court documents leads us unequivocally to conclude that Mr. Beals pled guilty to the offense of drunk driving, and because Mr. Beals was charged with drunk driving under a pharmacologically equivalent definition of the crime as that used in *W.Va. Code* 17C–5–2(d)(1)(E) [1986], we conclude that the writ of prohibition prayed for should be awarded.

Writ Awarded.