487 S.E.2d 344

STATE of West Virginia ex rel. Ginny CONLEY, Prosecuting Attorney for Wood County, Petitioner,

v.

Honorable George W. HILL, Judge of the Circuit Court of Wood County, Respondent.

No. 23839.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 1997.

Decided May 30, 1997.

Ginny Conley, Wood County Prosecutor, Parkersburg, for Petitioner.

George W. Hill, Wood County Circuit Court Judge, Parkersburg, for Respondent.

WORKMAN, Chief Justice:

■ Virginia Conley, as the Prosecuting Attorney of Wood County, seeks a writ of mandamus against Respondent, the Honorable George W. Hill, Judge of the Circuit Court of Wood County, directing him to alter and correct the instructions given to the grand jury concerning third offense driving under the influence ("DUI") of alcohol. Because we conclude that Judge Hill wrongly instructed the grand jury regarding whether DUI convictions under Ohio law could be considered as previous offenses under West Virginia law pursuant to West Virginia Code § 17C–5–2 (1996), we grant a writ of prohibition.[1]

On September 16, 1996, the State attempted to present a potential indictment against Scott Lee Carpenter, charging Mr. Carpenter with third offense driving under the influence of alcohol as set forth in West Virginia Code § 17C–5–2.[2] The indictment against Mr. Carpenter involved two prior DUI convictions in the State of Ohio. After the matter was presented to the grand jury, the jury foreperson questioned whether Ohio convictions could be used to enhance a DUI conviction in this state.[3]

Judge Hill answered the grand jury's question as follows:

> Your question is, can offenses of operating a motor vehicle under the influence, in Ohio, be used as a prior offense in this

1. Although this case was brought and granted as a petition for mandamus, we choose to treat this matter as a writ of prohibition. *See State ex rel. Ranger Fuel Corp. v. Lilly*, 165 W.Va. 98, 100, 267 S.E.2d 435, 436 (1980); *see also Carr v. Lambert*, 179 W.Va. 277, 278, 367 S.E.2d 225, 226 n. 1 (1988).

2. West Virginia Code § 17C–5–2 provides that:
    (d) Any person who:
    (1) Drives a vehicle in this state while:
    (A) He is under the influence of alcohol; or
    (B) He is under the influence of any controlled substance; or
    (C) He is under the influence of any other drug; or
    (D) He is under the combined influence of alcohol and any controlled substance or any other drug; or
    (E) He has an alcohol concentration in his or her blood of ten hundredths of one percent or more, by weight;
    (2) Is guilty of a misdemeanor, and, upon conviction thereof, shall be confined in jail for not less than one day nor more than six months, which jail term shall include actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred dollars nor more than five hundred dollars.

3. The specific question, presented by the jury foreperson, was: "are Ohio offenses, by law—do they count like towards the third offense in West Virginia?"

state. And I have held, in the past, and I have to be consistent, that it is not.

... our legislature has provided that any conviction, under—of any statute, of any state, of an offense which has the same elements as the offense charged in this state, may be used to enhance that charge.

Ohio's statute is operating a motor vehicle under the influence, and ours is driving under the influence. And Ohio has construed their statute to mean as simply sitting still in a parking lot or driveway, or on the street, not driving, but just simply sitting there with the motor running, while you are intoxicated, constitutes the crime which Ohio describes.

Our statute requires the offense of the other state to have the same elements as that of this state, rather than substantially similar or like elements, which I have urged them to do, and they have refused to change the statute.

So as a result and fault, in my opinion, of the legislature, it can not [sic] be held, at least in this court, to be a prior offense, the same as ours. Unfortunately, you can not [sic] indict on that.

Based on Judge Hill's response, the State withdrew the proposed indictment against Mr. Carpenter from the grand jury's consideration.[4] Invoking the original jurisdiction of this Court, the State seeks a directive regarding the grand jury instructions provided by Judge Hill. *See* W. Va.Code §§ 53–1–1 to –3 (1994).

The Legislature both anticipated and provided for the use of out-of-state DUI convictions for sentence enhancement purposes. West Virginia Code § 17C–5–2(k) provides that:

A person violating any provision of subsection (b), (c), (d), (e), (f), (g) or (i) of this section shall, for the third or any subsequent offense under this section, be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one nor more than three years, and the court may, in its discretion, impose a fine of not less than three thou-

sand dollars nor more than five thousand dollars.

The statute further provides that:

For purposes of subsections (j) and (k) of this section relating to second, third and subsequent offenses, the following types of convictions shall be regarded as convictions under this section:

. . . .

(3) *Any conviction* under a municipal ordinance of this state or any other state or a statute of the United States or of any other state of an offense *which has the same elements as an offense described in subsection (a), (b), (c), (d), (e), (f) or (g) of this section,* which offense occurred after the tenth day of June, one thousand nine hundred eighty-three.

W. Va.Code § 17C–5–2(1)(3) (emphasis supplied).

The State contends that this Court has previously, through its decision in *State ex rel. Kutsch v. Wilson,* 189 W.Va. 47, 427 S.E.2d 481 (1993), resolved the issue of whether Ohio DUI convictions can be used to enhance sentencing for a West Virginia DUI conviction. In *Kutsch,* a defendant charged with third offense DUI tried to exclude an Ohio DUI conviction on grounds that the Ohio statute lacked "the same elements as" a West Virginia DUI offense. The argument raised in *Kutsch* was the fact that the Ohio DUI statute contained an additional element through which a per se violation could be established that does not appear in West Virginia Code § 17C–5–2. The Ohio law provided that:

(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

(2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;

(3) *The person has a concentration of ten hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;*

---

4. For similar reasons, the State simultaneously withdrew another proposed indictment that in-

volved the use of prior Ohio DUI convictions.

(4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine....

*Kutsch,* 189 W.Va. at 51, 427 S.E.2d at 485 n. 1 (citing Ohio Rev.Code Ann. § 4511.19). The trial court granted the *Kutsch* defendant's motion to suppress the use of his Ohio conviction based on West Virginia's lack of a provision comparable to subsection three of the Ohio DUI statute.

On appeal, this Court reversed the trial court's finding that the Ohio DUI conviction was not available for enhancement purposes, reasoning that the statutory provision "under which Mr. Beals was convicted, is functionally synonymous with *W. Va.Code* 17C–5–2(d)(1)(E)." 189 W.Va. at 51, 427 S.E.2d at 485. We noted the fact that experts, as well as the trial court and the defendant, agreed "that the Ohio DUI standard under which Mr. Beals was convicted is, 'pharmacologically, the same as the determination that the person has an alcohol concentration in his blood of ten hundredths of one percent or more, by weight.'" *Id.* Based on our determination that "the same amount of alcohol would render a person legally intoxicated under the Ohio standard used to convict Mr. Beals and the West Virginia standard ... [,]" this Court held that "the elements of the Ohio statute under which Mr. Beals was convicted and *W. Va.Code* 17C–5–2(d)(1)(E) are the same elements, albeit expressed in slightly different language." 189 W. Va. at 52, 427 S.E.2d at 486.

To support his position that the Ohio DUI statute does not share the same elements as West Virginia Code § 17C–5–2, Respondent cites the decision of the Ohio Supreme Court in *State v. Cleary,* 22 Ohio St.3d 198, 490 N.E.2d 574 (1986), in which the court interpreted the term "operation" of a motor vehicle within that state's DUI statute as encompassing a broader meaning than merely driving a vehicle. *Id.* 490 N.E.2d at 575–76. In *Cleary,* an intoxicated defendant who had passed out while slumped over the steering wheel with his foot pressing on the accelerator, thereby causing the engine of the stationary vehicle to race, was found to have been operating a motor vehicle within the purview of Ohio's DUI statute. *Id.* at 574–

75. Respondent argues that the Ohio statute cannot be viewed as having the same elements as our statute based on this Court's interpretation of our DUI statutory corollary in a more narrow fashion.

In *State v. Taft,* 143 W.Va. 365, 102 S.E.2d 152 (1958), we examined the giving of a jury instruction in a DUI case that defined the term "driving" as merely requiring that a vehicle be in motion. In that case, the defendant's vehicle had drifted two or three feet as a result of the brakes being accidentally released. This Court set aside the defendant's DUI conviction, after determining that:

> Though movement of a vehicle is an essential element of the statutory requirement, the mere movement of a vehicle does not necessarily, in every circumstance, constitute a "driving" of the vehicle. To "drive" a vehicle necessarily implies a driver or operator and an affirmative or positive action on the part of the driver. A mere movement of the vehicle might occur without any affirmative act by a driver, or, in fact, by any person. If a vehicle is moved by some power beyond the control of the driver, or by accident, it is not such an affirmative or positive action on the part of the driver as will constitute a driving of a vehicle within the meaning of the statute.

*Id.* at 367–68, 102 S.E.2d at 154.

Respondent argues that because vehicular movement is not an integral component of a DUI violation under the Ohio statute, a prior Ohio conviction cannot be used for enhancement under West Virginia Code § 17C–5–2(k). The quintessence of Respondent's position is that the language of West Virginia Code § 17C–5–2(k), which requires out-of-state DUI convictions to have the "same elements" as our DUI offense, precludes the use of an Ohio DUI conviction because Ohio does not require the element of vehicular movement that our statute compels. While we agree with this part of Respondent's contention, we do not reach the result that he advocates—barring the use of Ohio DUI convictions in *all* instances.

■ Although Ohio and West Virginia accord divergent meaning to the statutory terms "driving" and "operation," the elements necessary for a conviction under the

respective DUI statutes of these states are otherwise quite consistent. *See, Kutsch,* 189 W.Va. at 51, 427 S.E.2d at 485 (noting that "[t]he Ohio legislature structured Ohio's drunk driving statute in a manner similar to West Virginia's"). Were we to accept Respondent's position that, because one may be convicted of DUI without actually operating a vehicle in Ohio, convictions under Ohio's DUI law could never be used in conjunction with West Virginia Code § 17C-5-2(k), we would clearly be violating the intent of the statute—to impose increasingly severe sentences for recidivistic drunk driving and to convey the message that this State's citizens will not tolerate drunk driving. *See Cleary,* 490 N.E.2d at 575 (observing that legislative purpose of Ohio's DUI statute is to "discourag[e] those who have consumed too much alcohol from undertaking the operation of motor vehicles").

■ Upon examination, we believe there is a logical alternative to Respondent's position. In those instances where the facts underlying the Ohio conviction would not support a conviction here in West Virginia, then the Ohio DUI conviction should not be used for sentence enhancement. Thus, when an individual charged with a DUI violation in this State has a prior Ohio conviction that was obtained without the required element of movement [5] necessary for a conviction under West Virginia's DUI statute, then the defendant can raise this statutory variance as a defense to sentence enhancement. Through this approach, we will hopefully avoid the wholesale elimination of Ohio DUI convictions for sentence enhancement purposes. Since the prior Ohio DUI convictions will include the prerequisite vehicular movement for a violation of this State's laws in most instances, it would appear improvident to indiscriminately expunge a defendant's prior DUI offenses for sentence enhancement purposes.[6] Accordingly, we hold that, notwith-

standing the fact that another state's driving under the influence statute may contain additional elements not found in West Virginia Code § 17C-5-2 (1996), an out-of-state conviction may properly be used for sentence enhancement pursuant to West Virginia Code § 17C-5-2(k) provided that the factual predicate upon which the conviction was obtained would have supported a conviction under the West Virginia DUI statute.

■ Based on this ruling, we determine that the Respondent circuit court judge exceeded his legitimate powers by instructing the grand jury that Ohio DUI convictions could not be used to enhance Mr. Carpenter's sentence under West Virginia Code § 17C-5-2(k). Accordingly, we grant a writ of prohibition for the purpose of requiring Respondent to give instructions regarding the use of out-of-state DUI convictions for sentence enhancement consistent with this opinion.

Writ granted as moulded.

---

**5.** We recently held in syllabus point three of *Carte v. Cline,* No. 23862, —— W. Va. ——, 488 S.E.2d 437 (1997) that our DUI statute "does not require that a police officer actually see or observe a person move, drive, or operate a motor vehicle while the officer is physically present before the officer can charge that person with DUI under this statute [W. Va.Code § 17C-5A-1a(a) (1994)], so long as all the surrounding circumstances indicate the vehicle could not oth-

erwise be located where it is unless it was driven there by that person."

**6.** We do not disagree with Respondent's suggestion, however, that the Legislature consider changing the "same elements" language found in West Virginia Code § 17C-5-2(k) to "same or similar elements." Such an amendment would eliminate the need to engage in the analysis employed in this opinion.