490 S.E.2d 285

STATE of West Virginia, Plaintiff
Below, Appellee,

v.

Donald E. WILLIAMS, Jr., Defendant
Below, Appellant.

No. 23744.

Supreme Court of Appeals of
West Virginia.

Submitted April 23, 1997.

Decided June 18, 1997.

Darrell V. McGraw, Jr., Attorney General, Victor S. Woods, Assistant Attorney General, Molly M. McGinley, Assistant Attorney General, Charleston, for Appellee.

R. Thomas Czarnik, Princeton, for Appellant.

STARCHER, Justice.

Donald E. Williams, Jr. appeals his conviction in the Circuit Court of Mercer County for driving under the influence, second offense, in violation of *W.Va.Code*, 17C–5–2 [1996]. Mr. Williams was sentenced to six months in jail, but the sentence was suspended and as an alternate sentence, he was sentenced to serve six months in home incar-

ceration, with specific limitations under *W.Va.Code*, 62–11B–5 [1994]. On appeal Mr. Williams argues: first, that his offense should be reduced to a first offense because his previous conviction in Virginia could have been for "operating" rather than "driving" a vehicle; second, that the circuit court committed plain error in the jury instructions; and third, that the circuit court erred in re-sentencing him. Based on our review of the record, we find no merit in Mr. Williams' assignments of error, and therefore, we affirm his conviction.

## I.

### Facts and Background

On March 10, 1994, an officer of the City of Princeton Police Department saw a car driven by Mr. Williams traveling at a high rate of speed and emitting smoke. Mr. Williams maintains that another person was driving the car and he was a passenger. The officer saw the car pull over and stop. Mr. Williams got out and lifted the hood to check the engine. Fearing fire because of the smoke coming from the car, the officer also investigated the problem. Because Mr. Williams was staggering and smelled of alcohol, the officer performed several field sobriety tests. After Mr. Williams failed the sobriety tests, he was arrested for driving under the influence.

At the police station, Mr. Williams was given an intoxilyzer test, which indicated a .21 percent blood alcohol level. Mr. Williams was charged with violating *W.Va.Code*, 17C–5–2(h) [1986],[1] which provides for an enhanced penalty for a second offense. The criminal complaint charged that Mr. Williams did "drive and operate a motor vehicle in this state while under the influence of Alcohol.[sic] this being a second offense." The criminal complaint also indicated the .21 percent intoxilyzer test results. The predicate offense for enhancement was Mr. Williams' guilty plea on October 3, 1990 to a driving under the influence charge in Tazewell, Virginia.

Mr. Williams was originally tried in magistrate court on the second offense. After his conviction therein, he appealed to the circuit court where he was again convicted by a jury.[2] Because the original sentence imposed by the magistrate did not outline the conditions of Mr. Williams' six-month home incarceration sentence, the circuit court remanded the case to magistrate court for clarification of the conditions of home incarceration. After the magistrate court imposed a general sentence of six months of home incarceration with work release to be monitored by the home incarceration officer, the circuit court, by order entered on October 5, 1995, imposed the same sentence with detailed conditions for the home incarceration. The circuit court-imposed conditions included: (1) work release limited to eight (8)

1. *W.Va.Code*, 17C–5–2(h) [1986] is presently codified at *W.Va.Code*, 17C–5–2(j) [1996] and references will be to the present codification. *W.Va. Code*, 17C–5–2(j) [1996] provides:

    A person violating any provision of subsection (b), (c), (d), (e), (f), (g) or (i) of this section shall, for the second offense under this section, be guilty of a misdemeanor, and, upon conviction thereof, shall be confined in jail for a period of not less than six months nor more than one year, and the court may, in its discretion, impose a fine of not less than one thousand dollars nor more than three thousand dollars.

    *W.Va.Code*, 17C–5–2(d) [1996] provides:

    Any person who:
    (1) Drives a vehicle in this state while:
    (A) He is under the influence of alcohol; or
    (B) He is under the influence of any controlled substance; or
    (C) He is under the influence of any other drug; or

(D) He is under the combined influence of alcohol and any controlled substance or any other drug; or
(E) He has an alcohol concentration in his or her blood of ten hundredths of one percent or more, by weight;
(2) Is guilty of a misdemeanor, and, upon conviction thereof, shall be confined in jail for not less than one day nor more than six months, which jail term shall include actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred dollars nor more than five hundred dollars.

2. This case arose before the effective date of *W.Va.Code* 50–5–13 [1994], which in subsection (b) restricts an appeal of a criminal proceeding tried before a jury in magistrate's court to "a hearing on the record" before the circuit court. *See Collins v. Bedell*, 194 W.Va. 390, 460 S.E.2d 636 (1995).

hours per day, five (5) days per week; (2) complete prohibition on operating a vehicle; (3) payment for electronic monitoring; (4) prohibition on use of any drugs or alcohol, and a screening requirement; and (5) requirement of treatment for alcohol problem.

Following sentencing, Mr. Williams appealed to this Court alleging problems with the use of his prior conviction of driving under the influence in Virginia, with the jury instructions, and with the "additional" conditions of home incarceration imposed by the circuit court.

## II.

### *Discussion*

### A.

### *Prior Conviction*

■ Mr. Williams' first assignment of error is that the enhancement to second offense driving under the influence cannot be based on his prior conviction in Virginia because the Virginia statute makes it unlawful "to drive or *operate* any motor vehicle. . . . while such person is under the influence of alcohol." (emphasis added). *Va.Code Ann.* § 18.2–266 [1994]. Mr. Williams maintains that because his Virginia conviction may be for operating rather than driving, the elements are too dissimilar to allow for enhancement without the State showing of the facts of his Virginia conviction.

■ *W.Va.Code,* 17C–5–2(*l*) [1996] permits, for enhancement purposes, the use of a conviction under another jurisdiction's statute provided that statute has the "same elements as an offense" as our statute.[3] Syllabus Point 1 of *State ex rel. Kutsch v. Wilson,* 189 W.Va. 47, 427 S.E.2d 481 (1993) (Ohio's driving under the influence statute has the same elements for blood alcohol concentra-

tion as West Virginia although expressed in different terminology) states:

> Proof that a defendant has been convicted of the offense of driving under the influence of alcohol in another state is similar to proof of any other material fact in a criminal prosecution; once the State has introduced sufficient evidence to lead impartial minds to conclude that the defendant had once before been convicted of driving under the influence of alcohol, the State has made a *prima facie* case.

■ Recently in *State ex rel. Conley v. Hill,* 199 W.Va. 686, 487 S.E.2d 344 (1997) (previous driving under the influence conviction in Ohio may, depending on the facts of the conviction, be used for enhancement in West Virginia), we recognized that the terms "drive" and "operate" can be accorded divergent meanings, thereby implying different statutory elements. In *Conley,* we also recognized that most out-of-state driving under the influence convictions "include the prerequisite vehicular movement for a violation of this State's laws" and found it "improvident to indiscriminately expunge a defendant's prior DUI offenses for sentence enhancement purposes. (footnote omitted)." 199 W.Va. at 690, 487 S.E.2d at 348. Syllabus Point 2 of *Conley* states:

> Notwithstanding the fact that another state's driving under the influence statute may contain additional elements not found in West Virginia Code § 17C–5–2 (1996), an out-of-state conviction may properly be used for sentence enhancement pursuant to West Virginia Code § 17C–5–2(k) provided that the factual predicate upon which the conviction was obtained would have supported a conviction under the West Virginia DUI statute.

■ In this case, we find that the prosecution made a *prima facie* case for a second

---

3. *W.Va.Code* 17C–5–2 [1996] provides, in pertinent part:
  (1) For purposes of subsections (j) and (k) of this section relating to second, third and subsequent *offenses, the following types of convic-*tions shall be regarded as convictions under this section:
  \*  \*  \*  \*  \*  \*
  (3) Any conviction under a municipal ordinance of this state or any other state or a

statute of the United States or of any other state of an offense which has the *same elements* as an offense described in subsection (a), (b), (c), (d), (e), (f) or (g) of this section, which offense occurred after the tenth day of June, one thousand nine hundred eighty-three. (emphasis added.)

offense driving under the influence based on Mr. Williams' guilty plea to driving under the influence in Virginia. Virginia's mere use of the term "operate" in its driving under the influence statute is insufficient to find that "same elements" are not required in Virginia. Unless it can be shown that the factual predicates upon which a prior out-of-state driving under the influence conviction was obtained failed to include any element of this State's driving under the influence statute, the introduction of an out-of-state driving under the influence conviction constitutes a *prima facie* case for sentence enhancement.[4] Whether the out-of-state conviction satisfies the requirements of this State's enhancement statute is a question of law. No details of Mr. Williams' prior Virginia conviction were in the record, and there was no showing that the elements in this particular case were not similar.

Given the failure to show that the elements in Mr. Williams' prior driving under the influence conviction in Virginia were not similar, we find that the circuit court did not err in allowing the use for enhancement of Mr. Williams' prior Virginia conviction for driving under the influence.

### B.

*Jury Instructions*

In his second assignment of error, Mr. Williams alleges that the circuit court erred in instructing the jury because the warrant charged Mr. Williams with driving under the influence. Mr. Williams maintains that the circumstances are similar to our recent case of *State v. Blankenship*, 198 W.Va. 290, 480 S.E.2d 178 (1996), which held in Syllabus Point 1 that "[a]n instruction which informs the jury that it can return a verdict of guilty of a crime charged in the indictment by

finding that the defendant committed acts constituting a crime not charged in the indictment is reversible error."

The State maintains that the jury instructions when considered as a whole are adequate, and that *Blankenship* should not be applied to this case because the defense failed to object and the error, if any, did not affect the outcome.

In this case the warrant charged Mr. Williams with driving under the influence and also stated that Mr. Williams "blew a .216 on the Intoxilyzer 5000." The charge to the jury included the following:

Any person who drives a vehicle in this State while he is under the influence of alcohol or has an alcohol concentration in his blood of ten hundredths of one percent or more by weight shall be guilty of driving under the influence.

Unlike *Blankenship*, no objection was raised and, therefore, the question is whether the error, if any, falls within our doctrine of "plain error." [5]

*State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) discusses in detail the plain error doctrine and requires that the error "must have affected the outcome of the proceedings" and places on the defendant "the burden of persuasion with respect to prejudice." Syllabus Point 9 of *State v. Miller* provides:

Assuming that an error is "plain," the inquiry must proceed to its last step and a determination made as to whether it affects the substantial rights of the defendant. To affect substantial rights means the error was prejudicial. It must have affected the outcome of the proceedings in the circuit court, and the defendant rather

---

4. *See* Syllabus Point 3, *Carte v. Cline*, 200 W.Va. 162, 488 S.E.2d 437 (1997) (our driving under the influence statute "does not require that a police officer actually see or observe a person move, drive, or operate a motor vehicle while the officer is physically present before the officer can charge that person with DUI under this statute [W.Va.Code § 17C–5A–1a(a) (1994)], so long as all the surrounding circumstances indicate which it is unless it was driven there by that person").

5. The State maintains that there was no error in this case because unlike *Blankenship*, the indictment alleged that Mr. Williams' blood alcohol content exceeded ten hundredths of one percent by weight. However, we do not address the *Blankenship* arguments because no objection was made to the circuit court and therefore the error, if any, must be considered under the plain error doctrine.

than the prosecutor bears the burden of persuasion with respect to prejudice.

In this case, there is no showing by the defense that the alleged error was prejudicial in that it affected the outcome of the proceedings. Without such a showing, the plain error doctrine cannot be considered. Based on the foregoing, we find no merit in the second assignment of error concerning the plain error doctrine.

## C.

### Home Incarceration Sentence

In his final assignment of error, Mr. Williams maintains that the circuit court, by specifying the terms of his home incarceration sentence, impermissibly increased his sentence in violation of Syllabus Point 2 of *State v. Bonham*, 173 W.Va. 416, 317 S.E.2d 501 (1984), which provides:

A defendant who is convicted of an offense in a trial before a magistrate or in municipal court and exercises his statutory right to obtain a trial ... in the circuit court is denied due process when, upon conviction at his second trial, the sentencing judge imposes a heavier penalty than the original sentence. W.Va. Const. art. 3, § 10.[6]

In this case, the magistrate sentenced Mr. Williams to six months of home incarceration, but the magistrate's sentence failed to define the terms and conditions of Mr. Williams' home incarceration. After the conviction in circuit court, the circuit court returned the case to the magistrate to impose a correct legal sentence and required "that this matter ... be returned to this [Circuit] Court." *W.Va.Code*, 62–11B–5 [1994] states that an order for home incarceration *shall* include certain requirements.[7] When the magis-

6. *See W.Va.Code*, § 50–5–8(b) [1994] and § 50–5–13(b) [1994] for a defendant's right to a jury trial.

7. *W.Va.Code*, 62–11B–5 [1994] provides:

An order for home incarceration of an offender under section four [§ 62–11B–4] of this article *shall* include, but not be limited to, the following:
(1) A requirement that the offender be confined to the offender's home at all times except when the offender is:
(A) Working at employment approved by the circuit court or magistrate, or traveling to or from approved employment;
(B) Unemployed and seeking employment approved for the offender by the circuit court or magistrate;
(C) Undergoing medical, psychiatric, mental health treatment, counseling or other treatment programs approved for the offender by the circuit court or magistrate;
(D) Attending an educational institution or a program approved for the offender by the circuit court or magistrate;
(E) Attending a regularly scheduled religious service at a place of worship;
(F) Participating in a community work release or community service program approved for the offender by the circuit court, in circuit court cases; or
(G) Engaging in other activities specifically approved for the offender by the circuit court or magistrate.
(2) Notice to the offender of the penalties which may be imposed if the circuit court or magistrate subsequently finds the offender to have violated the terms and conditions in the order of home incarceration.

(3) A requirement that the offender abide by a schedule, prepared by the probation officer in circuit court cases, or by the supervisor or sheriff in magistrate court cases, specifically setting forth the times when the offender may be absent from the offender's home and the locations the offender is allowed to be during the scheduled absences.
(4) A requirement that the offender is not to commit another crime during the period of home incarceration ordered by the circuit court or magistrate.
(5) A requirement that the offender obtain approval from the probation officer or supervisor or sheriff before the offender changes residence or the schedule described in subdivision (3) of this section.
(6) A requirement that the offender maintain:
(A) A working telephone in the offender's home;
(B) If ordered by the circuit court or as ordered by the magistrate, an electronic monitoring device in the offender's home, or on the offender's person, or both; and
(C) Electric service in the offender's home if use of a monitoring device is ordered by the circuit court or any time home incarceration is ordered by the magistrate.
(7) A requirement that the offender pay a home incarceration fee set by the circuit court or magistrate. If a magistrate orders home incarceration for an offender, the magistrate shall follow a fee schedule established by the supervising circuit judge in setting the home incarceration fee.
(8) A requirement that the offender abide by other conditions set by the circuit court or by the magistrate. (emphasis added).

trate's sentence again failed to include the conditions required under *W.Va.Code*, 62–11B–5 [1994] [8], the circuit court corrected the sentence by specifying the conditions of home incarceration.

Rule 35(a)[1996], *West Virginia Rules of Criminal Procedure*, provides that a "court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." The circuit court, by order entered on October 5, 1995, specified the conditions for Mr. Williams' home incarceration. The conditions imposed by the circuit court's order permitted limited work release, prohibited operation of a vehicle, required payment for costs of electronic monitoring, prohibited the use of drugs or alcohol and required treatment for alcohol problems.

We find that the circuit court's order of October 5, 1995 did not impose a heavier sentence than the magistrate's sentence. Both courts sentenced Mr. Williams to six months of home incarceration. The circuit court's order corrected the magistrate's previous order so that it met the requirements of *W.Va.Code*, 62–11B–5 [1994].

■ Finally, Mr. Williams argues that he should be allowed to drive during his six months of home incarceration because his driver's license was not administratively suspended. We note that *W.Va.Code*, 62–11B–5(8) [1994] permits the court to impose "other conditions." *See* note 7 for *Code* provisions. However, the Legislature has not restricted the conditions of home incarceration that a court may impose. Mr. Williams has no right to drive while he is incarcerated, and we find the circuit court committed no error in the conditions imposed during Mr. Williams' home incarceration.

**8.** The August 15, 1995 magistrate order provided, in pertinent part:

Order for home confinement is attached and upon compliance with home confinement conditions defendant be considered to leave his home for the purpose of work release.

For the above-stated reasons, the decision of the Circuit Court of Mercer County is affirmed.

Affirmed.

The August 15, 1995 magistrate home incarceration order provided, in pertinent part: that Mr. Williams "be placed on home confinement for a period of 6 mo [sic] days/ months at the rate of $5.00 per day, to be assessed to the said defendant. Home confinement hook up [costs are] $25.00."