# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

November 3, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 13-1214** (Wood County 13-F-102)

**Matthew Depew,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION

Petitioner Matthew Depew, by counsel Courtney L. Ahlborn, appeals the jury verdict and sentencing order related to his convictions for robbery and conspiracy to commit robbery. Respondent the State of West Virginia, by counsel Derek A. Knopp, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 2, 2013, Amber Nicole Pickens met Homer Wilson in the Quincy Hill area of Wood County.[1] When they met, Ms. Pickens got in the car with Mr. Wilson. Shortly thereafter, petitioner approached the car and struck Mr. Wilson through the driver side window.[2] Ms. Pickens and petitioner returned to their car and left the scene. While petitioner denies the allegation, the State contends that during the beating, Mr. Wilson heard a female voice say to get Mr. Wilson's wallet and that he felt someone going through his pockets. During the altercation between Mr. Wilson and petitioner, witness Alex Moles called 911 and a notice was issued for law enforcement officers to be on the lookout for the vehicle described by the witness. Approximately fifteen minutes later, petitioner and Ms. Pickens were found inside the same vehicle for which the notice was issued. Petitioner and Ms. Pickens were taken into custody and

---

[1] Ms. Pickens claims that Mr. Wilson contacted her to solicit sex, while Mr. Wilson claims that someone called him and asked him to meet petitioner concerning some rental properties he owned.

[2] Ms. Pickens claims that petitioner heard her yelling for help and that petitioner's action in striking Mr. Wilson allowed her to escape. However, the State claims that Ms. Pickens was in the car for less than a minute when petitioner ran over to the car and began striking Mr. Wilson without provocation.

1

charged with first degree robbery and conspiracy to commit first degree robbery by unlawfully, intentionally stealing or attempting to steal, take or carrying away a wallet and keys from the person or presence of Mr. Wilson, by committing violence to Mr. Wilson.

Petitioner and Ms. Pickens were tried before a jury between August 13 and 15, 2013. At the conclusion of the trial, petitioner was found guilty of both counts in the indictment – robbery and conspiracy to commit robbery.[3] He was sentenced to a term of incarceration of twenty-four years for robbery in the first degree and a period of not less than one nor more than five years of incarceration for conspiracy to commit robbery, said sentences to run concurrently. Petitioner appeals his convictions and sentences.

On appeal, petitioner asserts seven assignments of error. First, petitioner argues that the trial court erred in admitting his statement over his objection because petitioner was under the influence of marijuana at the time the statement was given. As part of that assignment of error, he contends that the circuit court erred in finding that petitioner's statement was freely and voluntarily given. Petitioner argues that after being taken into custody and placed in handcuffs, he was taken to the Parkersburg Police Department. At that time, Detective Eichorn went over the rights form with petitioner, and that form reflects that petitioner admitted smoking two marijuana "blunts" at approximately 10:00 a.m. on the morning of May 2, approximately three hours prior to the interview.[4] On August 1, 2013, the circuit court held a hearing on the State's motion to conduct an in camera hearing regarding the voluntariness of petitioner's statement. During the hearing, Detective Eichorn testified that petitioner admitted to smoking the marijuana blunts but that the marijuana usage did not impact petitioner's mental state or ability to understand the detective's questions. On cross-examination, the detective was questioned about portions of petitioner's statement, including his response that "[m]aybe something's not registering, but not like completely forget." Petitioner asserts that his capacity for self-determination was critically impaired due to the influence of marijuana, so the circuit court erred in finding petitioner's statement was freely and voluntarily made and allowing the admission of the statement at trial.

It is well-settled in West Virginia that "[t]he State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." *State v. Blackburn*, 233 W.Va. 362, __, 758 S.E.2d 566, 572 (2014) (quoting *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975)). Petitioner's "claim of intoxication may bear upon the voluntariness of a defendant's confession, but, unless the degree of intoxication is such that it is obvious that the defendant lacked the capacity to voluntarily and intelligently waive his rights, the confession will not be rendered inadmissible." Syl. Pt. 1, in part, *State v. Hall*, 174 W.Va. 599, 328 S.E.2d 206 (1985). During the in camera hearing,

---

[3] Petitioner and Ms. Pickens were tried jointly. Ms. Pickens was also found guilty of robbery and conspiracy to commit robbery. However, she filed a separate appeal of her convictions and sentence in Case No. 13-1213.

[4] According to the urban vernacular, a "blunt" is a cigar that is hollowed out and filled with marijuana.

2

Detective Eichorn testified that he had encountered individuals in the past that were under the influence of marijuana and that he had received training to aid him in determining whether someone was under the influence. He also testified that petitioner did not exhibit any signs of being under the influence at the time of his statement. When asked about petitioner's forgetfulness, Detective Eichorn testified that petitioner was attempting to avoid the question rather than having trouble remembering. While he was first evasive, petitioner later admitted to being under the bridge and striking Mr. Wilson. The circuit court had a complete video recording of the interview available to it in order to determine whether petitioner was under the influence or displayed signs of intoxication. The circuit court recognized that just because an individual has used marijuana does not mean they are intoxicated or incapable of giving a statement. Based on the record before this Court, we find no error in the circuit court's conclusion that petitioner knowingly and intelligently waived his constitutional rights and that his confession was not rendered inadmissible by virtue of intoxication.

Petitioner's second assignment of error is that the circuit court erred by finding petitioner's statement admissible, as the police violated the prompt presentment rule under West Virginia Code § 62-1-5(a). Petitioner asserts that he was arrested at approximately 12:30 p.m., but he was taken to the police department for questioning rather than directly to the Magistrate Court of Wood County. During the August 1, 2013, in camera hearing, Detective Eichorn testified that petitioner had been placed in handcuffs and transported to the police department in a police vehicle. Detective Eichorn testified that when they were taken to the police station, petitioner and Ms. Pickens were the only suspects. Petitioner argues that he was taken to the police station after being placed under arrest for the sole purpose of obtaining a statement or confession.

While it is true that "[t]he delay in taking a defendant to a magistrate may be a critical factor [in the totality of circumstances making a confession involuntary and hence inadmissible] where it appears that the primary purpose of the delay was to obtain a confession from the defendant[,]" based upon our review of the record, it appears there was no violation of the prompt presentment rule in the instant case. Syl. Pt. 13, in part, *State v. Newcomb*, 223 W.Va. 843, 679 S.E.2d 675 (2009) (quoting Syl. Pt. 6, *State v. Persinger*, 169 W.Va. 121, 286 S.E.2d 261 (1982); Syl. Pt. 1, *State v. Guthrie*, 173 W.Va. 290, 315 S.E.2d 397 (1984)). Further, "[o]rdinarily the delay in taking an accused who is under arrest to a magistrate after a confession has been obtained from him does not vitiate the confession under our prompt presentment rule." Syl. Pt. 14, in part, *Newcomb*, 223 W.Va. at 848, 679 S.E.2d at 680. Contrary to petitioner's argument, the circuit court found that petitioner was not under arrest when he was taken to the police station, as Detective Eichorn lacked sufficient information to arrest petitioner and charge him with robbery at that time. Detective Eichorn testified that petitioner was initially brought in for questioning as a suspect in the case, but he was not arrested until after he gave his statement. While the detective had spoken with Mr. Wilson and Ms. Pickens prior to obtaining a statement from petitioner, Mr. Wilson was not able to provide the name of the male involved in the incident and Ms. Pickens did not implicate petitioner in her statement. Thus, petitioner failed to demonstrate that the sole purpose for taking him to the police department was to obtain a confession. "'The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts

3

to an abuse of discretion.' Syllabus Point 1, *State v. Calloway*, 207 W.Va. 43, 528 S.E.2d 490 (1999)." *Newcomb*, 223 W.Va. at 851, 679 S.E.2d at 683. Therefore, we find that the circuit court did not abuse its discretion regarding petitioner's statement and his challenge under the prompt presentment rule.

Petitioner's third assignment of error is that the circuit court erred in denying his motion for a mistrial during the presentation of the State's case, as Ms. Pickens' statement was admitted into evidence without a prior in camera hearing to determine the voluntariness of the same in violation of petitioner's right to due process and against self-incrimination. Prior to trial, the State made a motion to determine the admissibility of Ms. Pickens' statement to Detective Eichorn wherein she provided an incorrect cellular telephone number. However, the State withdrew the motion and indicated that it did not intend to admit that statement in its case-in-chief. During the trial, the State asked Detective Eichorn whether he typically inquired as to phone numbers from people he arrests. He was then asked whether he asked that question of Ms. Pickens, and he responded that he did ask her for her phone number but that she did not give him her correct phone number. Immediately thereafter, Ms. Pickens' counsel objected, the circuit court sustained the objection, and the circuit court instructed the jury to disregard the question and answer. Petitioner argues that because the voluntariness and admissibility of Ms. Pickens' statement was never determined with an in camera hearing, the matter should be remanded for such hearing. He essentially argues that because the jury was informed that Ms. Pickens was untruthful, the jury was given the impression that both Ms. Pickens and petitioner were untruthful.

As set forth above, it is the State's burden to prove that confessions or statements of an accused that amount to admissions were voluntary before they may be admitted into the evidence. *Blackburn*, 223 W.Va. at __, 758 S.E.2d at 572. In addition,

> [w]here there is a failure to hold an *in camera* hearing on the defendant's inculpatory statements, we recognize under *Jackson v. Denno*, 378 U.S. 368 . . . (1964), that the case will not be reversed for a new trial on this basis alone. Instead, it will be remanded for a voluntariness hearing before the trial court. If the trial court finds the statements are voluntary the verdict will stand. If, on the other hand, he finds the statements to be involuntary, the verdict will be set aside unless the trial court determines that this constitutional error is harmless beyond a reasonable doubt.

Syl. Pt. 5, *State v. Clawson*, 165 W.Va. 588, 270 S.E.2d 659 (1980) (overruled on other grounds in *Wilt v. Buracker*, 191 W.Va. 39, 443 S.E.2d 196 (1993)). Based upon our review of the testimony at issue, it does not appear that the State intended to offer Ms. Pickens' statement made to Detective Eichorn. Instead, the detective offered information related to the statement without being questioned about that statement. Further, Ms. Pickens' failure to provide a correct telephone number does not constitute a confession or admission to the crimes for which she and petitioner were tried and convicted. The circuit court promptly sustained Ms. Pickens' objection to the statement, and the circuit court directed the jury to disregard the statement. Therefore, we

find that the detective's testimony does not constitute grounds to remand for a voluntariness hearing concerning Ms. Pickens' statement.

Petitioner's fourth assignment of error is that the circuit court erred in allowing Officer Blatt to be called as a witness because he was not identified on the State's witness list. Petitioner argues that he filed his request for discovery of the names and addresses of the State's witnesses pursuant to Rule 16 of the West Virginia Rules of Criminal Procedure in June of 2013, but the list provided by the State did not include Officer Blatt. "The threshold inquiry is to 'take into account the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance [or recess if the trial has begun], and any other relevant circumstances.'" *State v. Miller*, 178 W.Va. 618, 625, 363 S.E.2d 504, 511 (1987) (quoting 2 Fed. Prac. & Proc. Crim. § §260 (4th ed.)). The State admits that it failed to disclose Officer Blatt as a witness; however, it argued before the lower court that Officer Blatt's supplement was disclosed in discovery and that the supplement revealed that Officer Blatt responded to the area of the traffic stop and remained there until the vehicle was secured.[5] The circuit court found that while Officer Blatt should have been listed on the witness list, the supplement provided to petitioner contained Officer Blatt's name and sufficiently identified his areas of testimony. The circuit court further found that it was no surprise to petitioner that he and Ms. Pickens were stopped in the car at issue and arrested and that as long as the testimony was limited to what was contained within the supplement, Officer Blatt would be allowed to testify. Because the circuit court limited Officer Blatt's testimony to the material disclosed to petitioner prior to the trial, we find that the circuit court did not err in finding that petitioner failed to show the surprise or prejudice necessary to prevent Officer Blatt from testifying.

Petitioner's fifth assignment of error relates to evidence he sought to introduce against Mr. Wilson pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Petitioner and Ms. Pickens sought to introduce testimony from more than five witnesses regarding Mr. Wilson's alleged habit of soliciting women for sexual favors. Petitioner argues that the same is relevant because Mr. Wilson sought to solicit sexual favors from Ms. Pickens on the date of the incident. The circuit court held an in camera hearing wherein it heard testimony from numerous witnesses that Mr. Wilson had propositioned the witnesses and others for sexual acts. Ultimately, the circuit court permitted a single witness, Charles Canady, to testify at the trial that Mr. Wilson confided in him that he was not meeting Ms. Pickens to show her an apartment, as he claimed to police, but that he was attempting to solicit her. Mr. Canady also testified about Mr. Wilson's habit of driving around to look for women.

> Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and

---

[5] The parties and the trial transcript simply refer to "the supplement" and "his supplement" without providing the name or form of this supplement. In addition, the supplement does not appear in the record before this Court.

arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. . . .

Syl. Pt. 2, in part, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994). Further, "we review for an abuse of discretion the trial court's conclusion that 'other acts' evidence is more probative than prejudicial under Rule 403 [of the West Virginia Rules of Evidence.]" *State v. LaRock*, 196 W.Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996). In the instant matter, the circuit court held the required in camera hearing. However, it did not find the testimony from all of the proposed witnesses to be relevant under the requisite balancing test. Based on the record before this Court, we find that the circuit court did not abuse its discretion in permitting Mr. Canady to testify regarding Mr. Wilson's alleged prior bad acts and intentions on the date of the incident while prohibiting the admission of the additional "bad acts" evidence from the other proposed witnesses.

Petitioner's sixth assignment of error relates to the lack of authentication of Ms. Pickens' cellular phone records. Petitioner argues that the State attempted to authenticate Ms. Pickens' phone records by eliciting testimony from Detective Eichorn regarding the subpoena that was executed to obtain the records. Petitioner contends that the records were not certified and the custodian of the records did not testify, so he was prejudiced by their admission.[6]

> [T]he trial court judge is required only to find that a reasonable juror could find in favor of authenticity or identification before the evidence is admitted. The trier of fact determines whether the evidence is credible. Furthermore, a trial judge's ruling on authenticity will not be disturbed on appeal unless there has been an abuse of discretion. . . .

Syl. Pt. 1, in part, *State v. Jenkins*, 195 W.Va. 620, 466 S.E.2d 471 (1995). During the trial, Detective Eichorn verified Ms. Pickens' phone number from the records and identified calls in May of 2013 between Ms. Pickens and Mr. Wilson. Following this testimony, the State moved for the admission of the phone records. It was not until that time that either petitioner or Ms. Pickens objected due to a lack of proper foundation. The circuit court overruled that objection, expressing concern over the timing of that objection and the admission of the records without a representative of the phone company testifying. The court looked to the fact that no one objected when the testimony regarding the records began. At that point, defense counsel essentially conceded that because there was no objection during the testimony, the testimony was admissible. Based on the record before us, we cannot conclude that the circuit court abused its discretion in admitting these records.

---

[6] At trial, Ms. Pickens did not dispute that the records at issue pertain to her phone number.

Finally, petitioner alleges that right to due process was violated, as he was not convicted of the crime with which he was charged. He contends that the lower court abused its discretion when it substantially changed the language of the indictment after the presentation of evidence at trial without a motion from the State or petitioner. In the indictment, petitioner was charged with robbery and conspiracy to commit robbery of Mr. Wilson's keys and wallet. However, the circuit court amended the jury instructions to refer only to Mr. Wilson's wallet. Petitioner contends that because both wallet and keys were listed in the indictment, both are essential elements that must be proved beyond a reasonable doubt in order to withstand a motion for directed verdict and sustain a conviction. Petitioner, therefore, argues that the removal of "and keys" was a direct amendment of the indictment after the State's presentation of its case. Such amendment is only permissible when "the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment." *State v. Adams*, 193 W.Va. 277, 281, 456 S.E.2d 4, 8 (1995). He argues that even without the circuit court's direct amendment to the indictment, petitioner was prejudiced by a constructional amendment to the indictment, as the evidence and the jury instruction varied materially and prejudicially from the charge in the indictment. While petitioner argues that it is reversible error for a trial court to give an instruction that permits the jury to convict a defendant of a crime for which the defendant was not indicted, that is not what occurred in this matter. *State v. Blankenship*, 198 W.Va. 290, 294-95, 480 S.E.2d 178, 182-83 (1996).

In *Blankenship*, we held that the petitioner in that matter was not misled, subjected to any added burden of proof, or in any way prejudiced by that circuit court's correction of the year of a prior conviction. *Id.* at 297, 480 S.E.2d at 185. Similarly, petitioner in the instant matter was not subjected to any added burden of proof and, despite his argument to the contrary, cannot demonstrate any prejudice based on the change in the jury instruction to remove "and keys." Because the instruction given by the circuit court properly conformed to the evidence and did not add any charges to those set forth in the indictment, we find that the circuit court did not err in conforming the jury instruction to the evidence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis

7