# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-1213** (Wood County 13-F-103)

**Amber Nicole Pickens,**
**Defendant Below, Petitioner**

**FILED**

November 3, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Amber Nicole Pickens, by counsel Blaire Wood Hudson, appeals the jury verdict and sentencing order related to her convictions for robbery and conspiracy to commit robbery.[1] Respondent the State of West Virginia, by counsel Derek A. Knopp, filed its response to which petitioner submitted her reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 2, 2013, petitioner met Homer Wilson in the Quincy Hill area of Wood County.[2] When they met, petitioner got in the car with Mr. Wilson. Shortly thereafter, Matthew Depew approached the car and struck Mr. Wilson through the driver side window.[3] Mr. Depew and

---

[1] On June 17, 2014, Mr. Hudson filed a motion to withdraw from representation. However, because petitioner's reply brief had already been submitted and this Court finds that oral argument is not needed in this case, Mr. Hudson still appears as counsel of record for petitioner in this appeal.

[2] Petitioner claims that Mr. Wilson contacted her to solicit sex, while Mr. Wilson claims that someone called him and asked him to meet petitioner concerning some rental properties he owned.

[3] Petitioner claims that Mr. Depew heard her yelling for help and that Mr. Depew's action in striking Mr. Wilson allowed her to escape. However, the State claims that petitioner was in the car for less than a minute when Mr. Depew ran over to the car and began striking Mr. Wilson without provocation.

1

petitioner returned to their car and left the scene. While petitioner denies the allegation, the State contends that during the beating, Mr. Wilson heard a female voice say to get Mr. Wilson's wallet and that he felt someone going through his pockets. During the altercation between Mr. Wilson and Mr. Depew, witness Alex Moles called 911 and a notice was issued for law enforcement officers to be on the lookout for the vehicle described by the witness. Approximately fifteen minutes later, petitioner and Mr. Depew were found inside the same vehicle for which the notice was issued. Petitioner and Mr. Depew were taken into custody and charged with first degree robbery and conspiracy to commit first degree robbery by unlawfully, intentionally stealing or attempting to steal, taking or carrying away a wallet and keys from the person or presence of Mr. Wilson, by committing violence to Mr. Wilson.

Petitioner and Mr. Depew were tried before a jury between August 13 and 15, 2013. At the conclusion of the trial, petitioner was found guilty of both counts in the indictment – robbery and conspiracy to commit robbery.[4] She was sentenced to ten years of incarceration for robbery and not one nor more than five years of incarceration for conspiracy to commit robbery, with the sentences to run concurrently. Petitioner appeals her convictions and sentences.

On appeal, petitioner asserts the following six assignments of error: 1) the trial court erroneously permitted testimony by Detective Eichorn, without conducting an in camera hearing to determine the admissibility of the statement wherein petitioner previously gave an incorrect cellular phone number; 2) the trial court erred in admitting petitioner's phone records when the records were not authenticated in violation of the confrontation clause; 3) the trial court erred in allowing Officer Blatt to be called as a State's witness because the witness was not identified on the State's witness list and provided identification testimony that linked petitioner to the alleged events; 4) the trial court erred in denying petitioner the opportunity to present all evidence of the alleged victim, Mr. Wilson, pursuant to Rule 404(b) of the West Virginia Rules of Evidence; 5) the evidence presented at trial was insufficient to convict petitioner; and 6) the trial court erred in giving a jury instruction that effectively amended the indictment.

With regard to petitioner's first assignment of error, prior to trial, the State made a motion to determine the admissibility of petitioner's statement to Detective Eichorn wherein she provided an incorrect cellular phone number. However, the State withdrew the motion and indicated that it did not intend to admit that statement in its case-in-chief. During the trial, the State asked Detective Eichorn whether he typically inquired as to phone numbers from people he arrests. He was then asked whether he asked that question of petitioner, and he responded that he did ask petitioner for her phone number but that she did not give him her correct phone number. Immediately thereafter, petitioner's counsel objected, the circuit court sustained the objection, and the circuit court instructed the jury to disregard the last question and answer. Petitioner argues that because the voluntariness and admissibility of petitioner's statement was never determined during an in camera hearing, the matter should be remanded for such hearing. She essentially argues that because the jury was informed that she was not truthful when providing information to law enforcement, the jury was given the impression that she was not a truthful

---

[4] Petitioner and Mr. Depew were tried jointly. Mr. Depew was also found guilty of robbery and conspiracy to commit burglary. However, he filed a separate appeal of his convictions and sentence in Case No. 13-1214.

2

person. While the State argues that Detective Eichorn's statement was unsolicited, petitioner disagrees.

It is well-settled in West Virginia that "[t]he State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." *State v. Blackburn*, 233 W.Va. 362, __, 758 S.E.2d 566, 572 (2014) (quoting *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975)). In addition,

> [w]here there is a failure to hold an *in camera* hearing on the defendant's inculpatory statements, we recognize under *Jackson v. Denno*, 378 U.S. 368 . . . (1964), that the case will not be reversed for a new trial on this basis alone. Instead, it will be remanded for a voluntariness hearing before the trial court. If the trial court finds the statements are voluntary the verdict will stand. If, on the other hand, he finds the statements to be involuntary, the verdict will be set aside unless the trial court determines that this constitutional error is harmless beyond a reasonable doubt.

Syl. Pt. 5, *State v. Clawson*, 165 W.Va. 588, 270 S.E.2d 659 (1980) (overruled on other grounds in *Wilt v. Buracker*, 191 W.Va. 39, 443 S.E.2d 196 (1993)). Based upon our review of the testimony at issue, it does not appear that the State intended to offer petitioner's statement made to Detective Eichorn. Instead, the detective offered information related to the statement without being questioned about that statement. Further, petitioner's failure to provide a correct telephone number does not constitute a confession or admission to the crimes for which she was tried and convicted. The circuit court promptly sustained petitioner's objection to the statement, and the circuit court directed the jury to disregard the statement. Therefore, we find that the detective's testimony does not constitute grounds to remand for a voluntariness hearing concerning petitioner's statement.

Petitioner's second assignment of error relates to the lack of authentication of her cellular phone records pursuant to Rule 901 of the West Virginia Rules of Evidence. Petitioner argues that the State attempted to authenticate petitioner's phone records by eliciting testimony from Detective Eichorn regarding the subpoena that was executed to obtain the records. Petitioner contends that the records were hearsay, were not authenticated or identified, and that petitioner was denied her constitutional right to confront a qualified expert, a custodian of records, or similarly qualified witness to testify regarding the details of the records. Petitioner objected to the admission of these records, but the circuit court allowed testimony regarding the records and the admission of such evidence.

> [T]he trial court judge is required only to find that a reasonable juror could find in favor of authenticity or identification before the evidence is admitted. The trier of fact determines whether the evidence is credible. Furthermore, a trial judge's ruling on authenticity will not be disturbed on appeal unless there has been an abuse of discretion. . . .

3

Syl. Pt. 1, in part, *State v. Jenkins*, 195 W.Va. 620, 466 S.E.2d 471 (1995). It is important to note that petitioner admits there was no dispute that the records were prepared by the cellular phone provider. In her appeal, she does not argue that the cellular phone records at issue were unrelated to her cellular phone or that there was any discrepancy in those records. During the trial, Detective Eichorn verified petitioner's phone number from the records and identified calls in May of 2013 between petitioner and Mr. Wilson. Following this testimony, the State moved for the admission of the phone records. It was not until that time that petitioner objected based on a lack of proper foundation. The circuit court overruled that objection, expressing concern over the timing of petitioner's objection and the admission of the records without a representative of the phone company testifying. The court looked to the fact that petitioner failed to object when the testimony regarding the records began. At that point, petitioner's counsel essentially conceded that because she did not object during the testimony, the testimony was admissible. Based on the record before us, we cannot conclude that the circuit court abused its discretion in admitting these records.

Petitioner's third assignment of error is that the circuit court erred in allowing Officer Blatt to be called as a witness because he was not identified on the State's witness list but provided identification testimony that linked petitioner to the alleged events. Petitioner argues that there were only two pieces of evidence offered during trial linking petitioner to the incident with Mr. Wilson: petitioner's cellular phone records and the testimony of Officer Blatt. She argues that both were erroneously admitted, so she was never identified at trial as the person responsible for the alleged acts. "The threshold inquiry is to 'take into account the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance [or recess if the trial has begun], and any other relevant circumstances.'" *State v. Miller*, 178 W.Va. 618, 625, 363 S.E.2d 504, 511 (1987) (quoting 2 Fed. Prac. & Proc. Crim. § §260 (4th ed.)). The State admits that it failed to disclose Officer Blatt as a witness; however, it argued before the lower court that Officer Blatt's supplement was disclosed in discovery and that the supplement revealed that Officer Blatt responded to the area of the traffic stop and remained there until the vehicle was secured.[5] The circuit court found that while Officer Blatt should have been listed on the witness list, the supplement provided to petitioner contained Officer Blatt's name and sufficiently identified his areas of testimony. The circuit court further found that it was no surprise to petitioner that she and Mr. Depew were stopped in the car at issue and arrested and that as long as the testimony was limited to what was contained within the supplement, Officer Blatt would be allowed to testify. Because the circuit court limited Officer Blatt's testimony to the material disclosed to petitioner prior to the trial, we find that the circuit court did not err in finding that petitioner failed to show the surprise or prejudice necessary to prevent Officer Blatt from testifying.

Petitioner's fourth assignment of error relates to evidence she sought to introduce against Mr. Wilson pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Petitioner sought to introduce testimony from more than five witnesses regarding Mr. Wilson's alleged motive, plan, and habit of soliciting women for sexual favors. Petitioner argues that the same is relevant

---

[5]The parties and the trial transcript simply refer to "the supplement" and "his supplement" without providing the name or form of this supplement. In addition, the supplement does not appear in the record before this Court.

4

because Mr. Wilson sought to solicit sexual favors from petitioner on the date of the incident. The circuit court held an in camera hearing wherein it heard testimony from numerous witnesses that Mr. Wilson had propositioned the witnesses and others for sexual acts. Ultimately, the circuit court permitted a single witness, Charles Canady, to testify at trial that Mr. Wilson confided in him that he was not meeting petitioner to show her an apartment, as he claimed to police, but that he was attempting to solicit her. Mr. Canady also testified about Mr. Wilson's habit of driving around to look for women.

> Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. . . .

Syl. Pt. 2, in part, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994). Further, "we review for an abuse of discretion the trial court's conclusion that 'other acts' evidence is more probative than prejudicial under Rule 403 [of the West Virginia Rules of Evidence.]" *State v. LaRock*, 196 W.Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996). In the instant matter, the circuit court held the required in camera hearing. However, it did not find the testimony from all of the proposed witnesses to be relevant under the requisite balancing test. Based on the record before this Court, we find that the circuit court did not abuse its discretion in permitting Mr. Canady to testify regarding Mr. Wilson's alleged prior bad acts and intentions on the date of the incident while prohibiting the admission of the additional "bad acts" evidence from the other proposed witnesses.

Petitioner next challenges the sufficiency of the evidence. She argues that the evidence presented showed that nothing was taken from Mr. Wilson and that Mr. Wilson's wallet remained in his pocket during the incident. In addition, she asserts that while his keys were taken, they were returned. She argues that the State produced no evidence at trial of petitioner's intent to permanently deprive Mr. Wilson of his keys and no evidence of any attempt to take Mr. Wilson's wallet. Petitioner's argument ignores the fact that the circuit court amended the jury instruction, so petitioner was convicted only of robbery and conspiracy to commit robbery related to Mr. Wilson's wallet. Therefore, we will not address the sufficiency of the evidence as it relates to Mr. Wilson's keys.

> "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the

5

prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. McFarland,* 228 W.Va. 492, 721 S.E.2d 62 (2011). Applying this standard to our consideration of the parties' arguments and the record before this Court, we see no reason to reverse the conviction based on the sufficiency of the evidence. Mr. Wilson testified that he heard a female say to take his wallet. He also felt someone trying to get into his pockets to locate his wallet. Viewing the evidence in the light most favorable to the prosecution, this indicates an intention to permanently deprive Mr. Wilson of his wallet and the contents thereof. Thus, the evidence was sufficient for the jury to convict petitioner of robbery and conspiracy to commit robbery beyond a reasonable doubt.

Finally, petitioner argues that the circuit court erred in giving a jury instruction that effectively amended the indictment. As set forth above, the circuit court amended the jury instructions to refer only to Mr. Wilson's wallet, rather than his wallet and keys. Petitioner contends that because both wallet and keys were listed in the indictment, both are essential elements that must be proved beyond a reasonable doubt in order to withstand a motion for judgment of acquittal and to sustain a conviction of such charge. Petitioner, therefore, argues that the removal of "and keys" was a direct amendment of the indictment after the State's presentation of its case. Such amendment is only permissible when "the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment." *State v. Adams*, 193 W.Va. 277, 281, 456 S.E.2d 4, 8 (1995). She argues that with the disparity of evidence presented at trial and the allegations contained in the indictment, she was taken by surprise and significantly prejudiced by the amendment to the indictment. While petitioner argues that it is reversible error for a trial court to give an instruction that permits the jury to convict a defendant of a crime for which the defendant was not indicted, that is not what occurred in this matter. *State v. Blankenship*, 198 W.Va. 290, 294-95, 480 S.E.2d 178, 182-83 (1996).

In *Blankenship*, we held that the petitioner in that matter was not misled, subjected to any added burden of proof, or in any way prejudiced by that circuit court's correction of the year of a prior conviction. *Id.* at 297, 480 S.E.2d at 185. Similarly, petitioner in the instant matter was not subjected to any added burden of proof and, despite her argument to the contrary, cannot demonstrate any prejudice based on the change in the jury instruction to remove "and keys." Because the instruction given by the circuit court properly conformed to the evidence and did not add any charges to those set forth in the indictment, we find that the circuit court did not err in conforming the jury instruction to the evidence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 3, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II