480 S.E.2d 178

**STATE of West Virginia, Appellee,**

v.

**Scott E. BLANKENSHIP, Appellant.**

**No. 23114.**

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1996.

Decided Dec. 10, 1996.

suant to Rule 67 of the West Virginia Rules of Civil Procedure.

Darrell V. McGraw, Jr., Attorney General, Victor S. Woods, Assistant Attorney General, Charleston, for Appellee.

R. Thomas Czarnik, Princeton, for Appellant.

RECHT, Judge: [1]

The appellant herein, and the defendant below, Scott Blankenship, appeals his conviction in the Circuit Court of Mercer County upon a charge of "Driving While Under the Influence of Alcohol—Third Offense," [2] in violation of W. Va.Code 17C–5–2(j) (1995).[3,4]

Upon his conviction, the appellant was sentenced to the West Virginia Penitentiary System for a period of not less than one nor more than three years.

The appellant seeks to reverse this conviction by challenging: (1) the legal sufficiency of the core instruction relating to driving under the influence of alcohol; (2) the trial court's refusal to admit the testimony of an unavailable witness; and (3) the trial court's amendment of the indictment to change the year of one of the predicate offenses.[5] Be-

---

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

2. The grand jury of Mercer County returned a two count indictment against the appellant. The second count of "Revoked for Driving Under the Influence of Alcohol" was dismissed during the course of the trial.

3. At the time the defendant committed the offense, the 1986 version of W. Va.Code 17C–5–2 was in effect. At the time that this case was submitted for decision, the 1995 version was in effect. In this opinion, we will refer to the 1995 version of W. Va.Code 17C–5–2, as it is substantially the same as the 1986 version.

4. W. Va.Code 17C–5–2(j) (1995) provides, in pertinent part, as follows:

> (j) A person violating any provision of subsection (b), (c), (d), (e), (f) or (g) of this section shall, for the third or any subsequent offense under this section, be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one nor more than three years, and the court may, in its discretion, impose a fine of not less than three thousand dollars nor more than five thousand dollars.

5. The appellant also assigns as an additional reason why his conviction should be reversed the deficiency in proving one of the predicate offenses based upon a violation of a municipal ordinance. Appellant claims that the State failed to prove that the elements of the municipal ordinance were similar to the State offense as required by W. Va.Code 17C–5–2(j)–(k) (1995). The record, however, is clear that none of the predicate offenses were based upon violations of a municipal ordinance. The conviction in the Municipal Court of Princeton was based upon a

cause we find merit in the first challenge to the conviction, we reverse the conviction and remand this case to the Circuit Court of Mercer County.

## I.

### FACTS

On March 20, 1994, at approximately 2:00 a.m., Sergeant Tom Johnson of the West Virginia State Police passed a Chevrolet pickup truck which was traveling in the opposite direction. Believing the truck to have a "loud exhaust," Sgt. Johnson turned around and followed the truck into the parking lot of a local restaurant.

Upon pulling into the parking lot, Sgt. Johnson observed the appellant leaning into the truck through the door on the driver's side. As Sgt. Johnson approached the truck, he noticed the appellant was reaching into his pocket. Although the appellant was actually reaching into his pocket for cigarettes, Sgt. Johnson believing that the appellant might possibly be in possession of a weapon, drew his gun and ordered the appellant to submit to arrest. The appellant complied.

Sgt. Johnson observed the appellant to be intoxicated and asked him to perform a series of field sobriety tests. The appellant refused to comply. Believing the appellant to be the operator of the truck, and despite vigorous protestations to the contrary, the appellant was placed under arrest upon suspicion of driving under the influence of alcohol.

The appellant was taken to the police station where he registered a 0.14 percent blood alcohol content on an intoxilyzer at 2:56 a.m., approximately fifty minutes after Sgt. Johnson made the initial observation of the truck with the loud exhaust. While the appellant was at the police station, Sgt. Johnson received information relating to the appellant's driving record, which indicated that his license had been revoked five days earlier on March 15, 1994. The culmination of all these events was the indictment and subsequent conviction which is the subject of this appeal.

charge under W.Va.Code 17–5–2 (1995) (driving while under the influence of alcohol). Accord-

## II.

### DISCUSSION

### A.

*Content of Instruction on the Law in West Virginia Relating to the Driving Under the Influence of Alcohol*

The instruction which was given by the trial court over the objection of the appellant presents another opportunity to analyze the distinction between being charged with a crime of driving a motor vehicle in this state while under the influence of alcohol in violation of W. Va.Code 17C–5–2(d)(1)(A),(2) (1995), which provides:

(d) Any person who:

(1) Drives a vehicle in this state while:

(A) He is under the influence of alcohol;

(2) Is guilty of a misdemeanor....

as compared and contrasted with being charged with the crime of driving a vehicle in this state while having an alcohol concentration in his or her blood of ten one hundredths of one percent or more in violation of W. Va.Code 17C–5–2(d)(1)(E),(2) (1995), which provides:

(d) Any person who:

(1) Drives a vehicle in this state while:

(E) He has an alcohol concentration in his or her blood of ten hundredths of one percent or more, by weight;

(2) Is guilty of a misdemeanor....

These two statutory provisions contain subtle yet significant distinctions which become manifest when examining the instruction which was given to the jury in this case.

The entire instruction given by the trial court regarding the crime charged in the indictment is as follows:

The [c]ourt instructs the jury that any person who drives a vehicle in this state while he is under the influence of alcohol, or he has an alcohol concentration in his

ingly, this ground is without merit.

blood of ten hundredths of one percent or more, by weight, is guilty of a crime.

■ Because, as we will discuss, this instruction actually informs a jury of two separate crimes—one of which the appellant was not charged—the instruction is misleading and constitutes reversible error.

Our standard of appellate review of a jury instruction was formulated in Syllabus Point 15, *State v. Bradshaw*, 193 W.Va. 519, 457 S.E.2d 456, *cert. denied* —— U.S. ——, 116 S.Ct. 196, 133 L.Ed.2d 131 (1995):

Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misled by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. The trial court, therefore, has broad discretion in formulating its charge to the jury, so long as it accurately reflects the law. Deference is given to the circuit court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed for an abuse of discretion.

This standard of review was further refined in *State v. Guthrie*, 194 W.Va. 657, 671, 461 S.E.2d 163, 177 (1995), to the extent that if an objection to a jury instruction is a challenge to a trial court's statement of the legal standard, as is the case here, we will conduct our review *de novo*.

Until 1986, West Virginia regarded a driver with a blood alcohol content of ten hundredths of one percent or more by weight as *prima facie* evidence of intoxication, however, driving with such a blood alcohol content was not a crime *per se*. *See State ex rel. Kutsch v. Wilson*, 189 W.Va. 47, 50–51, 427 S.E.2d 481, 484–85 (1993). Prior to 1986, it was possible, therefore, for a person driving a motor vehicle with a blood alcohol content of ten hundredths of one percent or more by weight to be found not guilty of driving under the influence of alcohol. The West Virginia Legislature corrected this anomaly in 1986 by amending W. Va.Code 17C–5–2 to make the act of driving a vehicle in this State, while having an alcohol concentration in his or her blood of ten hundredths of one percent or more, a crime *per se*.

■ We, therefore, must examine the instruction given in this case with the understanding that the Legislature clearly intended to create a separate crime of: (1) driving a vehicle while under the influence of alcohol; and (2) driving a vehicle with a blood alcohol concentration of ten hundredths of one percent or more. The instruction given in this case must inform the jury of the elements of the crime for which the appellant was charged—driving while under the influence of alcohol.[6]

■ The jury instruction given by the trial court told the jury that in order to convict the defendant of the crime of driving a motor vehicle while under the influence of alcohol (the crime for which the defendant was indicted), they could find that he was driving a motor vehicle with a blood alcohol concentration of ten hundredths of one percent (a crime of which he was not indicted). It is reversible error for a trial court to give an instruction that permits the jury to convict a defendant of a crime for which he was not indicted, because "[t]he court may not substantially amend the indictment through its instructions to the jury." *United States v. Vowiell*, 869 F.2d 1264, 1271 (9th Cir.1989) (citations omitted). *See Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960), holding that a court cannot permit a defendant to be tried on charges not contained in the indictment, and to do so is fatal error. *See also State v. Elliott*, 133 N.H. 759, 585 A.2d 304, 307 (1990) (stating

---

**6.** The actual crime recited in the indictment exposed the appellant to an enhanced penalty for repeat offenders as described in W. Va.Code 17C–5–2(j) (1995), however, the enhanced penalty is a function of prior convictions for drunk driving and had nothing to do with the underlying offense of driving while under the influence of alcohol under W. Va.Code 17C–5–2(d)(1)(A)

(1995). The State could have chosen to indict the appellant with the crime of driving a vehicle in this State while having an alcohol concentration in his blood of ten hundredths of one percent or more with the enhanced penalty provision, but it chose not to pursue this particular course.

that a jury instruction that changes an element of an offense charged by a grand jury or adds an offense not charged in the indictment is grounds for a reversal of the conviction); *State v. Taylor*, 301 N.C. 164, 270 S.E.2d 409, 413 (1980) (holding that jury instructions that present several possible theories of conviction which were not charged in indictment result in prejudicial error to the defendant); *cf. State v. Johnson*, 197 W.Va. 575, 581, 476 S.E.2d 522, 528 (1996) (describing the difference between broadening and narrowing charges in an indictment).

Consequently, we hold that an instruction which informs the jury that it can return a verdict of guilty of a crime charged in the indictment by finding that the defendant committed acts constituting a crime not charged in the indictment is reversible error.

### B.

### *Unavailability of Witness*

The cornerstone of the defense in this case was that the defendant was not the driver of the motor vehicle. The proof as to who was driving the motor vehicle was intended to be presented by the actual driver, Kathy Hess. Unfortunately, Ms. Hess was, at the time of the trial, permanently residing in another state.

The appellant attempted to introduce the statement of Ms. Hess that she was the driver of the motor vehicle at the time of the appellant's arrest through the testimony of Scott Ash. Mr. Ash was the appellant's former lawyer and, as proffered by the appellant, was the person to whom Ms. Hess admitted that he was the driver of the motor vehicle. Mr. Ash's testimony repeating Ms. Hess's statement was offered under Rules 804(b)(3) and 804(b)(5) of the West Virginia Rules of Evidence.[7]

Before calling Mr. Ash as a witness, the appellant proffered his testimony to the trial judge as revealed by the following colloquy:

Mr. Czarnik: Your Honor, we had a witness, Kathy Hess, who has moved out of state and I would like to call Mr. Scott Ash and the purpose of his testimony is to say what she told him as far as her being the driver—

The Court: No.

Mr. Czarnik: I made the motion under unavailability of a witness.

The Court: I won't permit that to take place, Mr. Czarnik.

■ We review a trial court's decision to exclude evidence under the deferential standard of abuse of discretion. *State v. Sutphin*, 195 W.Va. 551, 560, 466 S.E.2d 402, 411 (1995). While we are not informed in this record as to the reasons why the trial court did not permit Mr. Ash's testimony, we do not conclude that the trial court abused its discretion.

■ In order to introduce testimony under any of the five hearsay exceptions in Rule 804(b), a party must first show that the

---

7. W. Va. R. Evid. 804(b)(3) provides that a statement against interest is not excluded by the hearsay rule if the declarant is unavailable as a witness. A "statement against interest" is described as follows:

A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

W.Va.R.Evid. 804(b)(5) provides for additional exceptions to the hearsay rule:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

declarant who uttered the extrajudicial statement is unavailable to appear as a witness.[8] Rule 804(a)(5) defines unavailability to include when a declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means." W. Va. R. Evid. 804(a)(5).

In construing Rule 804, we have previously held that if the State seeks to introduce extrajudicial statements under one of the hearsay exceptions enumerated in Rule 804, it first must demonstrate that the declarant is in fact unavailable as a witness, and then prove the reliability of the extrajudicial statement. Syllabus Point 2, *State v. James Edward S.*, 184 W.Va. 408, 400 S.E.2d 843 (1990). For the State to satisfy its burden of showing unavailability, we require the State to prove that it has made a good-faith effort to secure the declarant as a witness for the trial, a "showing [which] necessarily requires substantial diligence." Syllabus Point 3, *James Edward S.*, 184 W.Va. 408, 400 S.E.2d 843. This standard is required as much because of the Confrontation Clause in the Sixth Amendment as well as by virtue of the language of Rule 804(a).

We had occasion to discuss Rule 804 in *Rine by and through Rine v. Irisari*, 187 W.Va. 550, 420 S.E.2d 541 (1992), within the context of using a deposition of a non-witness, non-party who was "available" to testify. We held in *Rine:*

> As a condition precedent to the admissibility of former testimony under *W.Va. R.Evid.* 804(b)(1), the proponent of such testimony must show the unavailability of the witness. If the witness is available, the in-court testimony of that witness is preferred.

*Rine*, 187 W.Va. 550, 420 S.E.2d 541 at Syllabus Point 3.

We take this opportunity to discuss when a declarant is unavailable as a witness within

the meaning of Rule 804(a)(5). For a party to satisfy its burden of showing unavailability within the meaning of Rule 804(a)(5), so that the extrajudicial statement of an unavailable declarant is exempt from a hearsay objection, we require the proponent of such testimony to show the unavailability of the witness by proving that he has made a good-faith effort to secure the declarant as a witness for trial by using substantial diligence in procuring the declarant's attendance (or testimony) by process or other reasonable means. In establishing this standard, we are extrapolating the burden of showing unavailability imposed upon the State in a criminal case, notwithstanding that the burden imposed upon the State is enhanced by Sixth Amendment considerations. *See State v. James Edward S.*, 184 W.Va. 408, 400 S.E.2d 843 (1990).

■ Because there is nothing in this record that demonstrates that the defendant has made a good-faith effort by showing substantial diligence in attempting to procure the attendance of Ms. Hess by process or other reasonable means, then Ms. Hess was not "unavailable as a witness," and the testimony of Mr. Ash was properly excluded by the application of the hearsay rule. The trial court did not abuse its discretion when it refused to allow the testimony of Mr. Ash.

## C.

### *Amendment of the Indictment*

■ Finally, the defendant assigns as error the trial court's decision to amend the indictment during trial. A typographical error relating to the date of the appellant's second prior offense was discovered during the course of the trial. The second conviction as contained in the indictment occurred on January 27, 1993, when in fact, the record revealed that the conviction was on January 27, 1994. The trial court *sua sponte* announced that the incorrect year of the conviction was merely a typographical error and he ordered the indictment amended to reflect the correct year of the prior conviction.

---

**8.** Rule 804(b) provides, in pertinent part:
*Hearsay Exceptions.*The following are not excluded by the hearsay rule *if the declarant is unavailable as a witness* . . . .

W. Va. R. Evid. 804(b) (emphasis added).

The appellant argues that because W. Va. Code 17C–5–2(1) (1995)[9] requires that an indictment for a third or subsequent offense of driving under the influence of alcohol "set forth the date, location and particulars of the previous offense or offenses," consequently, the trial court should not have *sua sponte* amended the indictment to correct the date of a prior offense, but instead, should have granted the appellant's motion to strike that prior offense so that the enhanced penalty would be based on a second rather than third offense.

 For many years, the rule in West Virginia was that any change to an indictment, whether it be form or substance, required resubmission to the grand jury for the approval of the change. *State v. McGraw*, 140 W.Va. 547, 85 S.E.2d 849 (1955). We have modified that rule in *State v. Adams* to the extent that:

An indictment may be amended by the circuit court, provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment.

Syllabus Point 2, in part, *State v. Adams*, 193 W.Va. 277, 456 S.E.2d 4 (1995).

We are not cited to any case that would require us to hold that a change in the year of a prior offense in an enhanced penalty indictment is a substantial amendment requiring resubmission to the grand jury. In *State v. Crabtree*, —— W.Va. ——, 482 S.E.2d 605 (1996), we approved the trial court's amending of a recidivist information by changing the predicate offense from "breaking and entering" to the lesser offense of "entering without breaking." We recognized that no new offense was added as a result of

that revision. Similarly, we find no new offense was added to the indictment in this case by correcting the typographical error in the date of one of the prior offenses.

 We also have recognized in *State v. Adams* that:

An "amendment of form" which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced.

*Adams*, 193 W.Va. 277, 456 S.E.2d 4 at Syllabus Point 3, in part.

We are not informed of, nor do we find any indication in this record that the appellant was misled, subjected to any added burden of proof, or in any way prejudiced by the trial court's correction of the year of a prior conviction from 1993 to 1994.

### III.

### CONCLUSION

Because the instruction given by the trial court improperly informed the jury that the appellant could be found guilty for an offense for which the appellant was not indicted, the judgment of the Circuit Court of Mercer County is reversed and this case is remanded for a new trial.

Reversed and remanded.

---

**9.** At the time the defendant committed the crime, W. Va.Code 17C–5–2(*l*) was codified in the same form at W. Va.Code 17C–5–2(j)(4) (1986).