# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0154** (Greenbrier County 16-JD-23(B))

**D.K.,**
**Defendant Below, Petitioner**

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner D.K., by counsel Eric M. Francis, appeals the Circuit Court of Greenbrier County's January 23, 2017, order denying his motions to set aside the jury verdict and for a new trial.[1] Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner contends that the circuit court erred in giving a jury instruction on principals and accessories and in failing to give a limiting instruction following certain testimony.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 13, 2016, petitioner, a juvenile, and others rode with Brandon Robinson, an adult, to Walmart. Following their shopping, Mr. Robinson wanted to return home to Rupert, West Virginia, but his passengers wanted to go to Alderson, West Virginia. Mr. Robinson was low on gas, but his passengers told him that if he drove them to Alderson, they would get him gas so that he could drive home. After arriving in Alderson, petitioner left the vehicle while Mr. Robinson remained inside. Petitioner returned and put gas into Mr. Robinson's car. Surveillance cameras located on Richard Fox's property recorded petitioner and another unidentified male at a vehicle owned by Mr. Fox, which was later discovered to have a punctured gas tank. As a result, on October 27, 2016, Chief J.M. Bennett of the Alderson Police Department filed a petition

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

initiating juvenile proceedings against petitioner and charging him with petit larceny and destruction of property. Mr. Robinson was charged with conspiracy.

On December 28, 2016, Mr. Robinson entered into a deferral agreement with the State. This agreement provided that Mr. Robinson's conspiracy charge would be dismissed in exchange for his testimony against petitioner in petitioner's juvenile proceedings.

On January 3, 2017, petitioner's trial began. Among other evidence, the jury reviewed the surveillance footage captured by Mr. Fox's cameras. The footage shows two individuals on Mr. Fox's property at the vehicle from which the gas was stolen, and Mr. Robinson also testified to the unidentified male who joined petitioner "[a]t some point in time." Once the case was submitted to the jury, it asked the following question: "[I]f there is no proof of who punctured the gas tank or [de]struction of property, [but] we know it was done[,] is [petitioner] guilty even if by association or innocent because the other guy may have done the puncture?" In response to this question, the circuit court provided an additional instruction:

> The [c]ourt instructs you as the jury that a princip[al] in the second degree is one who is present aiding and abetting the princip[al] in the commission of an offense. If the jury from the evidence – if the jury believes from the evidence beyond a reasonable doubt that [petitioner] is a princip[al] either in the first or second degree, he is liable for punishment as if he were a princip[al] in the first degree. You may not find [petitioner] guilty merely because he associated with another person who committed the offense.

The jury returned to its deliberations, and at the close of his two-day trial, petitioner was found guilty of petit larceny and destruction of property.

Following trial, petitioner moved to set aside the jury verdict and for a new trial. These motions were denied, and the circuit court entered its "Order Following Dispositional Hearing" memorializing its rulings on January 23, 2017. It is from this order that petitioner appeals.[2]

On appeal, petitioner argues that the circuit court erred in giving an instruction concerning principals and accessories and in failing to give a limiting instruction following Mr. Robinson's testimony. We have previously held that, "[a]s a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of

---

[2]At the dispositional hearing, the circuit court also directed that petitioner participate in a diagnostic evaluation to further aid disposition. Following this evaluation, the parties appeared for another disposition hearing on April 18, 2017. At that time, the circuit court ordered that petitioner be committed to the custody of the Division of Juvenile Services for a period of one year for the destruction of property offense and six months for the petit larceny offense. The commitments were ordered to run consecutively; however, they were suspended and petitioner was placed on probation for two years with various terms and conditions. As one such condition, petitioner was placed on home incarceration.

whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996).

Petitioner challenges the jury instruction on principals and accessories on several grounds. First, petitioner argues that, under *State v. Blankenship*, 198 W.Va. 290, 480 S.E.2d 178 (1996), the instruction was inconsistent with the evidence presented at trial and, therefore, improperly given. Petitioner contends that the only evidence presented at trial was that he committed the crimes charged, that he was not alleged to have acted in concert with anyone else, and that he was not charged as a conspirator, aider and abettor, or an accessory.

We begin by reiterating the "well-established law surrounding convictions based on aiding and abetting[:] . . . '[i]n the case of every felony, every principal in the second degree, and every accessory before the fact, shall be punishable as if he were the principal in the first degree[.]'" *State v. Legg*, 218 W.Va. 519, 523, 625 S.E.2d 281, 285 (2005) (citing W.Va. Code § 61-11-6). "[T]here is no legal distinction between a conviction as a principal in the first degree and a conviction as an aider and abettor[.]" *Id.* Therefore, "we have explicitly declared that the inclusion of separate language in an indictment charging aiding and abetting is not required." *Id.* (citation omitted). Accordingly, the fact that petitioner was not charged as a conspirator, aider and abettor, or accessory does not render the instruction improperly given.

Moreover, we have found that aiding and abetting instructions were properly given where the evidence adduced at trial was sufficient to support an aiding and abetting conviction, even when the defendant was not indicted as an aider and abettor. *Id.* at 524, 625 S.E.2d at 286 (citations omitted). Here, in addition to the surveillance footage depicting two individuals, Mr. Robinson testified at trial to seeing someone with petitioner "with a black bill hat or a toboggan" as petitioner was putting gas in Mr. Robinson's car. The State asked Mr. Robinson, "So was [sic] somebody else joined [D.K.] – [?]" Mr. Robinson responded, "[a]t some point in time. I only got a glimpse of whoever it was." Mr. Robinson further described that, although he could not see the individual's face, he presumed it to be a man.[3] This evidence supports the circuit court's decision to give the challenged instruction.

Despite our holdings that a defendant need not be explicitly charged as an aider or abettor and that an aiding and abetting instruction is proper where supported by the evidence, we have also recognized that when a defendant is not provided actual notice of the prosecution's intent to pursue a theory of and conviction for aiding and abetting, a defendant may be unfairly prejudiced by the request for an aiding and abetting instruction after trial has begun. *Id.* at 525, 625 S.E.2d at 287. Although the instant matter is procedurally different in that the jury's question prompted the giving of the subject instruction, we nonetheless find that petitioner has failed to demonstrate that he was unfairly prejudiced by the instruction. In determining whether prejudice resulted, we have outlined several factors to be considered: unfair surprise; "whether or not the defendant can show that he or she might have framed his or her defense differently in light of the alternate

---

[3]Mr. Robinson provided further testimony concerning the location of the other occupants of his vehicle. Accordingly, the unidentified individual described by Mr. Robinson was not one of the individuals with him on the day in question.

theory;" "whether or not the defense presented was sufficient to defend against both alternative theories;" and "whether or not the defendant took steps to remedy the prejudice – by, for example, requesting a continuance or asking that witnesses be recalled." *Id.* at 526, 625 S.E.2d at 288. Petitioner does not contend that he was unfairly surprised by the instruction, that he would have framed his defense differently, or that the defense presented was insufficient to defend against both theories. Although petitioner objected to the additional instruction,[4] he did not take steps to remedy the prejudice by requesting a continuance or that witnesses be recalled. Therefore, petitioner has failed to establish that any prejudice resulted from the circuit court's giving of the instruction.

Next, petitioner contends that the instruction is an incorrect statement of the law because it runs counter to Syllabus Point 9 of *State v. Bennett*, 157 W.Va. 702, 203 S.E.2d 699 (1974), which provides that "[a]n accused who is indicted solely as a principal in the first degree is entitled to a directed verdict of acquittal upon proof by the State that he was only a principal in the second degree." Petitioner's reliance on *Bennett*, however, is misplaced as *Bennett* was overruled by *State v. Petry*, 166 W.Va. 153, 273 S.E.2d 346 (1980). In *Petry*, we held that

> [w]ith regard to all cases in which the trial shall commence after the date on which this opinion is handed down by this Court the prior common law rule requiring that aiders and abettors or accessories before the fact be indicted as such is abolished and, hereafter, a general indictment as a principal in the first degree shall be sufficient to sustain a conviction as an aider and abettor or as an accessory before the fact.

166 W.Va. at 153, 273 S.E.2d at 347, Syl. Pt. 1. We found that distinctions between principals in the first degree, aiders or abettors, and accessories have no substantive value and explicitly overruled Syllabus Point 9 of *Bennett*. *Petry*, 166 W.Va. at 159, 273 S.E.2d at 350. Thus, petitioner is mistaken in arguing that, under *Bennett*, the jury instruction at issue was an incorrect statement of the law.

Petitioner's final contention concerning the aiding and abetting jury instruction is that it "could be seen as non-responsive to the jury's question." We have previously held that circuit courts are afforded "discretion in determining how best to respond to a jury question[, and w]e will review any such response for an abuse of discretion." *State v. Davis*, 220 W.Va. 590, 648 S.E.2d 354 (2007). Upon review, the instruction was clearly responsive to the jury's question. Thus, we find no abuse of discretion.

Petitioner's second assignment of error concerns the circuit court's failure to give a limiting instruction pursuant to *State v. Caudill*, 170 W.Va. 74, 289 S.E.2d 748 (1982), following Mr. Robinson's testimony. In *Caudill*, we held that

---

[4]Petitioner objected on the grounds that the State argued that petitioner alone committed the charged crimes and that a person cannot be convicted as a principal in the second degree if the identity of the principal in the first degree is not established.

[i]n a criminal trial an accomplice may testify as a witness on behalf of the state to having entered a plea of guilty to the crime charged against a defendant where such testimony is not for the purpose of proving the guilt of the defendant and is relevant to the issue of the witness-accomplice's credibility. The failure by a trial judge to give a jury instruction so limiting such testimony is, however, reversible error."[5]

170 W.Va. at 75, 289 S.E.2d at 749, Syl. Pt. 3. Petitioner claims that the circuit court's failure to provide a limiting instruction following Mr. Robinson's testimony deprived him of due process because the jury was not instructed that Mr. Robinson's testimony could not be used as evidence of petitioner's guilt. Petitioner argues that he is also "hard-pressed to see how getting a diversion is not a benefit to the witness that is testifying."

The circuit court refused petitioner's request for a limiting instruction because Mr. Robinson did not plead guilty to any charge. The circuit court reviewed Mr. Robinson's diversion agreement, saw no provision referencing an agreement to plead guilty, and, therefore, found no basis for offering a limiting instruction concerning a guilty plea. We find no abuse of discretion in the circuit court's failure to give the requested limiting instruction. In *Caudill*, we explained that "[a] guilty plea made by an accomplice cannot be used as an attempt to show guilt by association." 170 W.Va. at 81, 289 S.E.2d at 755. Because Mr. Robinson did not plead guilty, there was no risk of showing guilt by association. Rather, Mr. Robinson's deferral agreement provided that the State would dismiss the charges against Mr. Robinson in exchange for his testimony at petitioner's trial, and the jury was specifically informed that in assessing the credit and weight to be given to a witness's testimony, it may consider "whether or not the witness was given any inducements or favorable treatment for the witness's testimony." Thus, petitioner's concerns about the benefit obtained by Mr. Robinson and any effects it may have had on his credibility were addressed by the circuit court.

For the foregoing reasons, the circuit court's January 23, 2017, order denying his motions to set aside the jury verdict and for a new trial is hereby affirmed.

---

[5]The *Caudill* Court quoted an example of such a limiting instruction:

I want to tell you again the fact that such pleas were entered does not mean that the remaining three defendants on trial . . . are guilty with them. The pleas are not evidence to the defendants remaining on trial that they are guilty, or the crime charged in the indictment was committed.

These pleas do not give rise to any inference as to the guilt of the remaining defendants here on trial. The guilt or innocence of the defendants still on trial must be determined solely by you, solely by the evidence introduced in the trial of this case.

*Id.* at 82, 289 S.E.2d at 756 (citation omitted).

Affirmed.

**ISSUED**:  February 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker