## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**
**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent,**

**vs.)  No. 22-0460** (Fayette County CC-10-2021-F-230)

**Nicole L. Semans,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Nicole L. Semans appeals the May 16, 2022, sentencing order of the Circuit Court of Fayette County. Respondent State of West Virginia filed a response in support of the circuit court's order.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c). On appeal, petitioner alleges the circuit court's jury instructions constructively amended the indictment.

On December 26, 2020, petitioner drove her three codefendants to a residence in Oak Hill, West Virginia. Two of petitioner's codefendants entered the residence and returned to the vehicle with personal property stolen from the victim's home. The victim's neighbor witnessed the burglary in progress and called 9-1-1. After her codefendants returned to her vehicle, petitioner drove away from the scene of the crime and dropped off the codefendants at another location. Petitioner was later identified and was charged with conspiracy to commit burglary and grand larceny.

At trial, petitioner proposed the following instruction:

The jury is instructed that, in order for you to find the Defendant guilty of conspiracy, as charged in the indictment in this case, you must find that the Defendant conspired to commit the offense of burglary *and* conspired to commit the offense of grand larceny. If you find that the Defendant conspired to commit only one of the two offenses, burglary or grand larceny, but not both, then you must find the Defendant Not Guilty of conspiracy. (Emphasis added).

---

[1] Petitioner appears by counsel Steven K. Mancini. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy.

1

The court refused petitioner's proposed conspiracy instruction, reasoning that the crime of conspiracy only required evidence that petitioner conspired to commit a felony, which may be proven by evidence that petitioner conspired to commit burglary and/or grand larceny. The court instructed the jury as follows:

> [t]he offense charged in Count one of the indictment in this case is conspiracy to commit a felony, which is a felony offense one of the following two verdicts may be returned by you, the jury, under Count one of the indictment: guilty of conspiracy to commit the felony offense of burglary *and/or* grand larceny, a felony, 2- not guilty.

(Emphasis added).

Petitioner objected to the circuit court's jury instruction alleging that it constructively amended the language of the conspiracy charge in the indictment. Petitioner also objected to the conspiracy instruction because it stated if the jury had reasonable doubt about her guilt, it "may" find petitioner not guilty. Petitioner asked the court to replace "may" with "shall," but the court overruled this objection. Petitioner alleges this word choice was erroneous.

Ultimately, the jury convicted petitioner of conspiracy. At sentencing, the court suspended petitioner's one-to-five-year prison sentence, placed her on probation, and ordered her to pay restitution to the victim. Petitioner appeals from the May 16, 2022, sentencing order.

In her first assignment of error, petitioner alleges the circuit court erred by instructing the jury that it could convict her of conspiracy if the State proved she conspired to commit "burglary *and/or* grand larceny," rather than "burglary *and* grand larceny" as alleged in the indictment. (Emphasis added). Petitioner claims this instruction constructively amended the indictment and "effectively made the State's burden of proof fifty percent easier." Petitioner also alleges, with little explanation, that this amendment increased her burden of proof at trial, undermined the notice function of the indictment, and adversely affected her cross-examination of State witnesses, which "would likely have been different" had she been aware of the amendment before the State rested its case.

This Court defers "to a trial court's discretion concerning the specific wording of [a jury] instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion." Syl. Pt. 4, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). The trial court's refusal to give the instruction requested by petitioner

> is reversible error only if: (1) the instruction is a correct statement of law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense."

Syl. Pt. 11, in part, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994). Further, the circuit court may amend an indictment, "provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the

2

amendment is equally available after the amendment." Syl. Pt. 2, in part, *State v. Adams*, 193 W. Va. 277, 456 S.E.2d 4 (1995).

The circuit court properly instructed the jury that petitioner could be convicted of conspiracy if she conspired to commit burglary "and/or" grand larceny. The crime of conspiracy requires evidence that petitioner conspired with at least one of her codefendants "to commit *any* offense against the State," i.e., either burglary or grand larceny. W. Va. Code § 61-10-31 (emphasis added). To prove petitioner was guilty of conspiracy, the State must prove petitioner "agreed with others to commit *an offense* against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." Syl. Pt. 4, in part, *State v. Less*, 170 W. Va. 259, 294 S.E.2d 62 (1981) (emphasis added). In this case, the State proved that petitioner intended to commit burglary and/or grand larceny when she drove her codefendants to the victim's residence, and her codefendants committed an overt act to effect the object of this conspiracy when they burglarized and stole items found within the residence. The conspiracy instruction was a correct statement of law, and the record does not support petitioner's contention that the instruction impaired petitioner's ability to present a defense.

Further, we do not find any indication in the record that petitioner was misled, subjected to any additional burden of proof, or in any way prejudiced by the court's instruction on the elements of conspiracy. Burglary and grand larceny were both components of a multi-object conspiracy, and the circuit court's conspiracy instruction did not allow "the jury to convict [her] of a crime for which [she] was not indicted." *State v. Corra*, 223 W. Va. 573, 581, 678 S.E.2d 306, 314 (2009) (citing Syl. Pt. 1, *State v. Blankenship*, 198 W. Va. 290, 480 S.E.2d 178 (1996)). Thus, the circuit court's conspiracy instruction was merely an "amendment of form," and was not a constructive amendment of the indictment. *Blankenship* at 292, 480 S.E.2d at 180, Syl. Pt. 4, in part.

Finally, petitioner claims the conspiracy instruction was erroneous because it stated the jury "may," rather than "shall," find petitioner not guilty if it had reasonable doubt about her guilt. Jury instructions "cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law." *Guthrie*, 194 W. Va. at 170, 461 S.E.2d at 664, Syl. Pt. 4, in part.

After reviewing the jury instructions as a whole, this Court finds they correctly stated the elements of conspiracy. The record does not reflect that this instruction confused the jury about the State's burden of proof or petitioner's right to a presumption of innocence. Thus, petitioner's assignment of error is unavailing.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

3

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn